deceased, for an accounting by said trustee, and for the appointment of a successor. From so much of the decree as charged said trustee with a sum of money and costs, and released him only upon condition of the payment thereof, he appeals. Modified.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, HATCH, and LAUGHLIN, JJ.

Edward S. Rapallo, for appellant.

Gerard Roberts, for respondent.

---

(101 App. Div. 275)

### In re GOWDEY'S ESTATE.

(Supreme Court, Appellate Division, Third Department. January 4, 1905.)

1. APPEAL FROM ORDER—PAPERS ON APPEAL.

　　Under General Rules of Practice 41, providing that the papers on appeals from nonenumerated motions shall consist of printed copies of the papers used in the court below, and specified in the order, certified by the clerk, a case and exceptions are not required on appeal from an order denying a motion to open a decree of the surrogate.

2. SAME—RECITAL IN ORDER.

　　Under General Rules of Practice 41, providing that the papers on appeals from nonenumerated motions shall consist of printed copies of the papers used in the court below, and specified in the order, certified by the clerk, such an order should specify the papers used, that it may appear what papers should be printed.

In the matter of the judicial settlement of the accounts of Sanford S. Gowdey, executor of Letitia E. Gowdey, deceased. From an order, an appeal was taken, motion to dismiss which is made. Motion denied.

This motion is made on the ground that the appellant has not duly settled his case and exceptions, and had the same printed and signed in accordance with the provisions of the Code of Civil Procedure and the general rules of practice.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

John D. Lyons, for the motion.
Sanford S. Gowdey, opposed.

PER CURIAM. The appellant has printed and served an appeal book containing a copy of the notice of appeal, the order appealed from, and certain papers, together with a certificate of the clerk of the Surrogate's Court of Sullivan county, in which certificate he says:

"I have compared the foregoing papers on appeal from order, consisting of the notice of appeal, order appealed from, and papers which were used before the surrogate on the motion on which said order was made, with the originals on file and remaining in said office, and, excepting the notice of entry of said order, and the omission of the title in the said several papers following the first herein, that the same are true and correct transcripts therefrom, and of the whole of said originals."

The order of this court, dated December 2, 1904, granted on default, directing, among other things, that the appeal be dismissed unless the appellant "duly settle his case and exceptions," was to that extent improperly granted, as a case and exceptions are not required or proper in this case, and the order, to that extent, should not be enforced. The papers on an appeal of this kind consist of printed copies of the papers which were used in the court below, and as specified in the order certified by the clerk, or stipulated by the parties to be true copies of the original, and of the whole thereof. General Rules of Practice 41. The order appealed from does not specify the papers used in the court below. Said rule requires that the papers used in the court below shall be so specified in the order. Where they are so specified in the order, such papers, with the order appealed from and the notice of appeal, must be printed, filed, and served as provided by said rule. If the papers used in the court below are specified in the order, it results in a determination by the court making the order appealed from as to what papers shall be printed if an appeal is taken from the order, and the certificate of the clerk is then simply for the purpose of establishing the fact that the papers so printed are true copies of the originals required by the rule to be printed.

It will be necessary for the appellant to have the order appealed from amended so as to specify the papers which were used in the court below, and print and serve the papers so specified with the order and notice of appeal, or the appeal will, on proper motion, be dismissed. Whipple v. Ripson, 29 App. Div. 70, 51 N. Y. Supp. 635.

The motion now before us is denied.