■ ISRAEL TRACHTENBERG, Appellant, v. JOHN P. ROWAN, as Executor of BEN LUPOFF, Deceased, Respondent.— Motion to stay enforcement of the order appealed from, dated June 7, 1960, pending the appeal, granted on condition that appellant be ready to argue or submit the appeal at the September 1960 Term, beginning September 7, 1960, for which term the appeal is ordered to be placed on the calendar. The record and appellant's brief must be served and filed on or before August 1, 1960. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.

■ WANDA TOMARKIN, Respondent, v. VITRON RESEARCH CORPORATION, Defendant-Appellant, and Third-Party Plaintiff. L. W. TOMARKIN, Third-Party Defendant.— Motion to dismiss appeal denied, without costs. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.

■ MARY TRIPOLD, Appellant, v. CLIFFORD TRIPOLD, Respondent.— Motions for leave to appeal as a poor person from a judgment of the Domestic Relations Court and an order of the Supreme Court denied. On the court's own motion, the appeals will be heard on the original papers (including the typed minutes) and on typewritten briefs. The appellant is directed to file five copies of her brief or briefs and to serve one copy on the attorney for respondent. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.

■ BERNARD WEISINGER, Appellant, v. BERNARD BERFOND et al., Respondents, et al., Defendants.— Motion to amend title of appeal and for other relief granted. Cross motion to dismiss appeals denied, without costs. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.

■ BENNETT EXCAVATORS CORP., Appellant, v. LASKER-GOLDMAN CORPORATION, Defendant, and STANDARD ACCIDENT INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Respondent. JAMES BENNETT et al., Third-Party Defendants-Appellants.— In an action to recover a balance alleged to be due for work, labor and services rendered and for materials furnished, the defendant Lasker-Goldman Corporation interposed a counterclaim against the plaintiff and against defendant Standard Accident Insurance Company, which had bonded plaintiff's performance of the contract. Standard pleaded, as a claim against the plaintiff and as a third-party complaint against the third-party defendants, Bennett and Somma, that they had agreed, in writing to indemnify Standard against liability on the bond, and to save it harmless from any expense for counsel fees. The plaintiff and the third-party defendants appeal from an order of the Supreme Court, Kings County, entered April 22, 1959, denying their motion to dismiss the pleading of defendant Standard. Appeal dismissed, without costs. The appellants have failed to submit a proper record as required by the statute and rules (Civ. Prac. Act, § 616; Rules Civ. Prac., rule 234; cf. *Whipple* v. *Ripson*, 29 App. Div. 70; *Matter of Gowdey*, 101 App. Div. 275). Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.

■ GEORGE T. CLARK, as Administrator of the Estate of BARRY CLARK, Deceased, Respondent, v. STATEN ISLAND RAPID TRANSIT RAILWAY COMPANY, Appellant.— In an action to recover damages for personal injuries resulting in intestate's wrongful death, defendant appeals from an order of the Supreme Court, Richmond County, entered March 8, 1960, granting plaintiff's motion to delete 20 of the 26 items specified in defendant's demand for a bill or particulars. Order modified by striking from its ordering paragraph the items numbered 1, 2, 4, 9, 17 and 23. As so modified, order affirmed, without costs. In our opinion, the items above numbered were improperly deleted. The information with respect to them is necessary to enable the defendant to properly prepare for trial. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.