■ BERNARD GLICENSTEIN, Respondent, v. LILLIAN M. FUST et al., Appellants.— In an action to recover damages for injury to property, defendants appeal from an order of the Supreme Court, Nassau County, dated June 20, 1963, which (1) granted plaintiff's application to vacate a prior order of said court dismissing the action and to restore it to the General Calendar; and (2) directed the Calendar Clerk to restore the action to its regular place on the calendar. Appeal dismissed, with $10 costs and disbursements. Appellants have failed to submit a proper record as required by statute and rule (former Civ. Prac. Act, § 616; Rules Civ. Prac., rule 234; *Whipple* v. *Ripson*, 29 App. Div. 70; *Matter of Gowdey*, 101 App. Div. 275; *Levine* v. *Carr*, 11 A D 2d 721; *Bennett Excavators Corp.* v. *Lasker-Goldman Corp.*, 11 A D 2d 734). Beldock, P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.

■ In the Matter of ALICE BALAGUER, an Incompetent Person, Now Deceased. — EDWIN L. SMART, as Committee of ALICE BALAGUER and Attorney for Said Committee, Appellant; DOLORES BALAGUER et al., Respondents.— In a proceeding to settle the final account of the committee of a deceased incompetent person, the committee (who also acted as his own attorney), appeals from so much of a final order of the Supreme Court, Kings County, entered November 1, 1962, settling the account, as: (1) limited his attorney's fee to $250 for the legal services rendered by him in the proceeding; and (2) denied his application for an additional allowance of compensation, pursuant to section 1376 of the Civil Practice Act, "for services rendered by him [as committee] in excess of those ordinarily rendered by an executor or administrator." Order modified on the facts by increasing to $750 the attorney's fee to appellant for the legal services rendered by him, and by modifying accordingly the sixth decretal paragraph of the order. As so modified, order, insofar as appealed from, affirmed, without costs. Findings of fact which may be inconsistent herewith are reversed, and new findings are made as indicated herein. In our opinion, under all the circumstances here, the allowance made by the Special Term for the legal services rendered was inadequate to the extent indicated. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.