■ In the Matter of MARGARET A. KOLASZ, Respondent, v ARTHUR LEVITT, as Comptroller of the State of New York and Administrative Head of the New York State Employees' Retirement System, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered May 16, 1977 in Albany County, which resettled a previous judgment of that court entered June 11, 1976, granting petitioner's application, in a proceeding pursuant to CPLR article 78, to vacate a determination of the Comptroller denying her accidental disability retirement benefits. Petitioner, an employee of the Rome State Developmental Center, suffered a fall while at work in May of 1971 and later became disabled as a result of recurring abdominal hernias. In this proceeding she seeks accidental disability retirement benefits, and resolution of the issues raised requires attention, in some detail, to the events and proceedings which have occurred throughout a six-year period and leaves this petitioner still without a determination on the merits. When petitioner was advised on October 28, 1972 that her employ-

ment would be terminated as of December 27, 1972, she wrote to the Comptroller requesting "full particulars relative to disability retirement and monthly benefits I would receive" and "any literature, forms or applications which are required by me in filing for my disability retirement". The Comptroller, on November 8, 1972, forwarded only the forms and literature relative to *ordinary* disability retirement and, by letter dated April 16, 1973, informed petitioner that her disability retirement, effective December 27, 1972, would approximate one third of her annual salary. Immediately upon receipt of that letter and on April 18, 1973, the petitioner telephoned the New York State Employees' Retirement System (hereafter the System) and advised that an error had been made and she dispatched a letter to the Comptroller informing him, in pertinent part, as follows: "I know I should be put on Accidental Disability receiving three quarters of my pay in lieu of Ordinary Disability as stated in your letter. I was injured as a direct result of an accident which occurred while performing my duties on my job. * * * I am certain your office furnished me with the wrong application for retirement. I did not realize at that time that there were different types of applications for disability retirement." In addition, petitioner requested that an application for accidental disability retirement be forwarded to her and she enclosed copies of the Workers' Compensation Board accident reports. The requested form was not furnished but she was later advised that, since her application for ordinary disability retirement had been approved effective December 27, 1972, she was, as of that date, no longer a member of the System and was therefore ineligible to apply for accidental disability retirement. The petitioner, on May 15, 1973, commenced proceedings to compel the System to entertain her application for accidental disability retirement. This proceeding was apparently discontinued after a stipulation which provided that petitioner's April 18 letter would be considered as an application for accidental disability retirement benefits and a hearing would be held upon the application. While a hearing was held on August 31, 1973, not until December 31, 1974 was a decision rendered and relief was denied for the stated reason that petitioner had previously retired on *ordinary* disability retirement. Moreover, the hearing officer refused to consider the testimony adduced at the hearing. Petitioner then commenced an article 78 proceeding seeking to obtain a determination on the merits. Special Term, in a decision dated December 16, 1975, concluded that the summary rejection of the application by the Comptroller failed to satisfy the standard called for in *Matter of O'Marah v Levitt* (35 NY2d 593, 596) and, by judgment dated June 11, 1976, provided, *inter alia,* that the Comptroller's decision dated December 31, 1974 be declared invalid, that the System send petitioner a form for accidental disability retirement, and that the System make such investigation as is necessary. Significantly, no appeal was taken from this judgment and the form was forwarded to the petitioner who promptly and properly filed it. On November 1, 1976, the application was again denied, this time upon the ground that petitioner was not a member of the retirement system when she filed the application on August 26, 1976 pursuant to the court order. On March 3, 1977, petitioner's attorney, by notice of motion, sought to resettle the judgment, and Special Term, by order dated May 16, 1977, directed the System to make a full and fair determination on the merits. On June 13, 1977, the System filed a notice of appeal from the judgment of May 16, 1977, contending that there was no evidence that, through mistake or negligence, petitioner was not granted accidental disability retirement and that, since petitioner was no longer a member of the System after the granting of disability retirement benefits,

her application for accidental disability retirement benefits was properly refused. Petitioner asserts that the April 18 letter was, under the circumstances, timely filed, as was the subsequent court ordered application, and entitled her to a decision on the merits. Petitioner also contends that the appeal is untimely, and we first turn to that issue. Distilled, the thrust of the petitioner's argument is that the System's appeal is untimely for the reason that the resettled judgment merely clarified the original and that, since no appeal lies from the original because of the lapse of time, no appeal lies from the second or resettled judgment. It is well to keep in mind that resettlement is a procedure of correction or clarification for the purpose of correctly expressing the decision of the court (7 Weinstein-Korn-Miller, NY Civ Prac, par 5701.25). Also to be remembered is that the requirements of CPLR 5513 which deal with the time within which to appeal are jurisdictional in nature and must be strictly adhered to *(Matter of Haverstraw Park v Runcible Prop. Corp.,* 33 NY2d 637). The general rule or requirement is that the time to appeal is measured from the resettled order or judgment. However, the general rule is qualified by the proviso that the resettled judgment must contain a change that is a material one so as to be, in effect, a new determination, thereby creating a corresponding new right to appeal and, if there is no such change, the time to appeal should be measured from the original order (cf. *Kaehler v Phoenix Ins. Co.,* 38 AD2d 683). From our perusal of the judgments, we find no material or substantial change, but rather a clarification so as to provide clearer direction to the parties. Though perhaps inartfully drawn, the original judgment, when considered with the decision and in the light of the previous proceedings, clearly called for a decision on the merits. Buttressing this conclusion is the court's reference in its decision of December 16, 1975 to *O'Marah (supra,* p 596) where, after setting forth the purpose of the statute, the court stated that it should be so construed as to carry out the desired objective, if fairly and reasonably possible. Our holding here is also consistent with this court's holding in *Klepeis v Town of Rosendale* (28 AD2d 742) where it was held that denial of resettlement of a prior order so as to change its decretal provisions is not appealable. Since the resettled judgment was purely for clarification or restatement of the obvious and identical issues for appeal are raised by each judgment, the time to appeal must be measured from the original judgment and, accordingly, the System's appeal was untimely. We decide no other issue. Appeal dismissed, with costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Main, JJ., concur.