■ DOROTHY S. MAY, Appellant, v RICHARD J. MAY, Respondent.—Appeal from an amended judgment of the Supreme Court at Special Term, entered November 1, 1977 in Albany County, upon an order which granted defendant's motion to resettle the original judgment of the court granting plaintiff a divorce. In connection with their matrimonial litigation, the parties stipulated in open court that plaintiff was to receive a life estate in the "marital premises" with the right to exclusive possession. The divorce decree incorporated the stipulations, but granted plaintiff a life estate in the "premises" with the right to exclusive use and possession. The decree was entered on July 28, 1977. The "premises" in question consisted of real estate improved by two separate houses. One of the houses was occupied by the parties as their marital home; the other has been vacant for some years. There is also a garage apartment on the property. Defendant subsequently moved to resettle the divorce decree because it indicated that plaintiff was entitled to a life estate in the entire premises whereas the stipulation had provided that plaintiff's life estate was only in the "marital premises". Accordingly, Special Term amended the original divorce decree to provide that plaintiff was entitled to a life estate in the "marital portion" of the premises. The amended decree was entered on November 1, 1977. Plaintiff appealed on November 30, 1977. We agree with defendant's contention that plaintiff's appeal is untimely. Generally, the time to appeal is measured from the date of entry of the resettled order or judgment *(Matter of Kolasz v Levitt,* 63 AD2d 777, 779). "However, the general rule is qualified by the proviso that the resettled judgment must contain a change that is a material one so as to be, in effect, a new determination, thereby creating a corresponding new right to appeal and, if there is no such change, the time to appeal should be measured by the original order (cf. *Kaehler v Phoenix Ins. Co.,* 38 AD2d 683)" *(Matter of Kolasz v Levitt, supra,* p 779). Here, the resettlement order, in recognition of the parties' stipulation, amended the original decree to state that plaintiff was to receive a life estate in the "marital portion" of the premises rather than the "premises". In our view, the resettlement order clarified and corrected the original decree so that it would conform to the stipulation (see 7 Weinstein-Korn-Miller, NY Civ Prac, par 5701.25). It did not contain a material change which would constitute a "new determination" *(Matter of Kolasz v Levitt, supra,* p 779). Since plaintiff did not take an appeal within 30 days of the entry of the original decree, the appeal must be dismissed as untimely. Appeal dismissed, without costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.