■ Lori Singer, Respondent-Appellant, v Board of Education of the City of New York et al., Appellants-Respondents. — In a proceeding for leave to serve late notices of claim, the Board of Education of the City of New York and the City of New York appeal, as limited by their brief, from so much of a resettled order of the Supreme Court, Kings County (Adler, J.), dated June 14, 1982 as granted petitioner's application, and Lori Singer cross-appeals from so much of the same order as granted the board of education and the city's motion to resettle a prior order of the same court dated January 19, 1982. Appeal by the city and board of education dismissed. On the cross appeal, resettled order affirmed, insofar as appealed from. Lori Singer is awarded one bill of costs. The order which granted petitioner's application for leave to serve late notices of claim did not recite the papers considered on the motion as required by CPLR 2219 (subd [a]). The Board of Education of the City of New York and the City of New York did not appeal from this order but instead moved for a resettlement to correct this omission two months after they had been served with a copy of the order with notice of its entry. By order dated June 14, 1982, Special Term granted the motion and the instant appeal and cross appeal followed. The issues raised by petitioner Lori Singer are: (1) whether an order which does not recite the papers upon which it is based is, nonetheless, an appealable order and, if so, (2) whether an independent appeal lies from a resettled order correcting such omission, where no timely appeal was taken from the original order. We hold that an order which does not contain a recital of the papers used is nevertheless an appealable order and that no new right of appeal is created by a resettled order correcting such omission. The recital requirement contained in CPLR 2219 (subd [a]) is designed to identify those papers which should be included in the record on appeal. However, an order is no less of an order simply because it lacks such a recital. Indeed, the omission of such a recital is not an uncommon irregularity which a party may remedy by seeking resettlement even after an appeal has been taken (see *Acme Markets v Tri-City Shopping Center,* 24 AD2d 728; *Matter of Gowdey,* 101 App Div 275). Thus, if an order omits the recital of papers relied upon, a party who fails to timely appeal therefrom cannot revive his right of appeal by later seeking resettlement and appealing from the resettled order. That is, a party may not seize upon this omission to circumvent the prohibition against extending the time to appeal contained in CPLR 5514 (subd [c]). Indeed, it is clear that a resettlement correcting such omission makes no material change in the original order so that the time to appeal continues to be measured from the date of service of a copy of the original order with notice of entry (see *May v May,* 66 AD2d 918;

*Matter of Kolasz v Levitt,* 63 AD2d 777; cf. *Kaehler v Phoenix Ins. Co.,* 38 AD2d 683). Since the notice of appeal by the board of education and the city was not served until three months after service of a copy of the January 19, 1982 order, with notice of its entry, their appeal was untimely and, accordingly, must be dismissed (CPLR 5513, subd [a]). Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur.