■ EDWARD A. GORMEL, Appellant, v PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent.—Motion to dismiss denied, with leave to renew upon the argument of the appeal. Memorandum: An order resettling a prior order is appealable provided, however, that it "contain[s] a change that is a material one so as to be, in effect, a new determination, thereby creating a corresponding new right to appeal" *(Matter of Kolasz v Levitt,* 63 AD2d 777, 779; *see, Singer v Board of Educ.,* 97 AD2d 507; *May v May,* 66 AD2d 918). Present—Callahan, J. P., Doerr, Boomer, Green and Davis, JJ.

■ ROBERT A. PHILLIPS, Respondent-Appellant, v WALTER E. BAIRD et al., Appellants-Respondents, and TOWN OF WAYLAND, Respondent.—Motion to vacate dismissal of appeal from abandonment denied as unnecessary. Memorandum: Although neither the order granting the motion for reargument nor the order upon reargument making the same determination as was made in the original order affected the appeal from the dismissal order *(see,* CPLR 5517 [a] [1]), the filing and service of the notice of appeal from the order upon reargument adhering to the original determination caused the appeal from the original order to become academic *(see,* 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5517.01). No purpose would be served, therefore, in granting this motion for relief from the original order pursuant to 22 NYCRR 1000.3 (b) (2) (i). Present—Callahan, J. P., Doerr, Boomer, Green and Davis, JJ.

■ In the Matter of PAUL ACKERMAN, Petitioner, v GEORGE A. REED, Respondent.—Motion granted and petition dismissed. Memorandum: The petition is dismissed for lack of personal jurisdiction over respondent. The affidavit of service shows that the notice of petition and petition were served on respondent's secretary and there is no showing that a copy of the notice and petition was mailed to respondent *(see,* CPLR 308 [2]). Present—Callahan, J. P., Doerr, Boomer, Green and Davis, JJ.