■ PIONEER SAVINGS BANK, Respondent, v AUDUBON QUALITY HOMES, INC., et al., Defendants, and PEACOCK WATER COMPANY, INC., Appellant.—Casey, J. Appeal from an order of the Supreme Court (Brown, J.), entered October 18, 1990 in Saratoga County, which granted plaintiff's motion to amend a second amended judgment of foreclosure of sale.

In this foreclosure action brought by plaintiff against, among others, defendant Audubon Quality Homes, Inc., Supreme Court denied the request of Peacock Water Company, Inc., with well-pumping stations, storage tanks and other operating equipment located on the subject land and a water source in an acquifer located below the subject land, to intervene in the action. In its August 15, 1990 order denying Peacock's motion, Supreme Court directed plaintiff to submit an amended judgment of foreclosure and sale containing certain language relative to the water system that sought to protect the rights and property of Peacock. No appeal was taken from this order or from the amended judgment of foreclosure that was entered thereon. An amended judgment

(denominated second amended judgment) was signed by Supreme Court on September 4, 1990. No appeal was taken from this judgment either.

After this second amended judgment had been entered, it was discovered that schedule A containing a description of the parcel that was the subject of the foreclosure had been omitted. A motion was made to amend the judgment to include the description. An order so directing was signed on October 17, 1990. It is from this order that Peacock takes its appeal, which seeks reversal of the denial of its prior motion for intervention. If an appeal from the order is appropriate, the appeal would be timely. An appeal from any other order or judgment would be untimely.

An order which amends or resettles a prior order, but makes no substantive change, does not revive the time to appeal from the prior order *(Singer v Board of Educ.,* 97 AD2d 507). The order of October 17, 1990 simply resettled the prior judgment to include schedule A, which is a description of the subject property. The order of October 17, 1990 made no material change in the original judgment so that the time to appeal continues to be measured from the date of service of the original judgment with notice of entry. Inasmuch as the time to appeal from the second amended judgment of September 4, 1990 has expired, the appeal from the October 17, 1990 order is untimely and must be dismissed *(May v May,* 66 AD2d 918; *see,* CPLR 5513 [a]).

Yesawich Jr., J. P., Levine, Crew III and Harvey, JJ., concur. Ordered that the appeal is dismissed, with costs.