indicate that the mother was providing a home for the children. Having acquiesced in the living arrangement, the father may not be heard to argue that his legal custody shields him from his support responsibility.

We agree with the father, however, that the Hearing Examiner erred in finding that he violated a different Hearing Examiner's support order of May 3, 1990 and granting arrears in the amount of $5,250. That order was superseded by the order of June 27, 1990. By its terms, the June 27 order gave temporary physical custody of the daughter to the father and provided for two weeks support. The record shows that the June 27 order was a consent order and that the parties further agreed that thereafter each parent would support the child living with that parent.

We modify the order on appeal, therefore, by sustaining in part the objections to the orders of the Hearing Examiner, by vacating the order of the Hearing Examiner granting the violation petition dated August 26, 1993 and dismissing that petition and by vacating the order of the Hearing Examiner dismissing the cross petition dated September 23, 1993 seeking dismissal of the violation petition and granting that cross petition. (Appeal from Order of Niagara County Family Court, Crapsi, J.—Child Support.) Present—Pine, J. P., Lawton, Wesley, Davis and Boehm, JJ.

■ In the Matter of HELEN MAHAPATRA, Respondent, v SARADINDU MAHAPATRA, Appellant. (Appeal No. 1.) [638 NYS2d 367] —Appeal unanimously dismissed without costs (see, Matter of Kolasz v Levitt, 63 AD2d 777, 779). (Appeal from Order of Onondaga County Family Court, Rossi, J.—Custody.) Present— Pine, J. P., Lawton, Wesley, Davis and Boehm, JJ.

■ In the Matter of HELEN MAHAPATRA, Respondent, v SARADINDU MAHAPATRA, Appellant. (Appeal No. 2) [638 NYS2d 367] —Order unanimously affirmed without costs for reasons stated in decision at Onondaga County Family Court, Comstock, J.H.O. (Appeal from Order of Onondaga County Family Court, Comstock, J.H.O.—Custody.) Present—Pine, J. P., Lawton, Wesley, Davis and Boehm, JJ.

■ GREGORY SHOULDERS, Appellant, v KATIE BROWN et al., Respondents. (Appeal No. 1.) [637 NYS2d 864] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In 1991 plaintiff commenced an action to recover for injuries sustained on November 18, 1990, when he fell from a bus owned by defendant Katie Brown and driven by defendant Eddie Lee