■ JOAN T. MACKENZIE, Respondent, v BISON ELEVATOR, INC., et al., Defendants. EDWARD C. COSGROVE, ESQ., Appellant. [778 NYS2d 656]—Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered January 21, 2003. The order, insofar as appealed from, clarified that a prior order prohibited Edward C. Cosgrove, Esq. from collecting on his judg-

ment against plaintiff until resolution of the underlying personal injury action.

It is hereby ordered that said appeal be and the same hereby is unanimously dismissed without costs.

Memorandum: After plaintiff discharged appellant as her attorney in this personal injury action, he moved for a determination of his common-law retaining lien regarding his fees and disbursements and sought payment of those fees and disbursements. Supreme Court determined that plaintiff's obligation to appellant was in the amount of $36,923.75, and the order on the motion states that the obligation "is reduced to Judgment and secured initially, by [plaintiff's] interest in the litigation." Before the litigation was resolved, appellant filed a statement for judgment and informed plaintiff's new attorney of his intent to commence collection proceedings on that judgment. Plaintiff moved, inter alia, to vacate the statement for judgment and to stay further proceedings on plaintiff's fee obligation to appellant's firm. By its order on appeal herein, the court clarified that its prior order prohibited appellant from collecting on his judgment until the litigation was resolved, and denied plaintiff's requested relief. Appellant did not appeal from the first order, and his time to take an appeal therefrom has passed (*see* CPLR 5513 [a]). Inasmuch as the second order insofar as appealed from merely clarified the first order, the second order is not appealable and the appeal must be dismissed (*see Matter of Kolasz v Levitt*, 63 AD2d 777, 779 [1978]). Present—Pigott, Jr., P.J., Pine, Kehoe, Martoche and Hayes, JJ.