■ Lisa J. Weksler, Individually and as Shareholder of Bruce Supply Corp. and a Member of 6015 16th Avenue Realty LLC, Respondent, v Joseph Weksler, Individually and as Guardian for Matthew Weksler and Another under the Uniform Gifts to Minors Act, et al., Defendants, and Kane Kessler, P.C., Appellant. Lisa J. Weksler, Individually and as Shareholder of Bruce Supply Corp. and a Member of 6015 16th Avenue Realty LLC, Appellant, v Joseph Weksler, Individually and as Guardian for Matthew Weksler and Another under the Uniform Gifts to Minors Act, et al., Respondents, et al., Defendants. [918 NYS2d 11]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered April 23, 2009, which, insofar as appealed from, granted plaintiff's motion for renewal of a prior motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7) and reinstated her ninth and tenth causes of action, unanimously affirmed, with costs. Order, same court and Justice, entered June 10, 2009, which disqualified Michael D. Schimek, Esq., from acting as plaintiff's attorney, unanimously reversed, on the law and the facts, without costs, and the motion of defendants Joseph Weksler, Bruce Weksler, Bruce Supply Corp. (Bruce Supply), 315 East 14th Street Manhattan Corp., P & J Realty, 1839 Cropsey Avenue Associates, Inc., 300 Smith Street Associates LLC, 6015 16th Avenue Realty LLC, L.B.J. LLC, Shanghai Global Trading, BPM Metals, Inc., and Blue Print Metals, Inc. (the Weksler defendants) insofar as they seek to disqualify Schimek, denied.

Renewal of the CPLR 3211 motion by defendant Kane Kessler, P.C. for a dismissal of the ninth and tenth causes of action was properly granted. Kane Kessler is a law firm that represented plaintiff and her brothers, defendants Joseph Weksler and Bruce Weksler. As evidenced by one of its invoices, Kane Kessler apparently also represented Bruce Supply, the siblings' entity. Under the ninth cause of action, it is alleged that Kane Kessler breached its fiduciary duty by billing Bruce Supply for legal services that were actually performed for Joseph, Bruce and other entities they controlled. Plaintiff alleges under the tenth cause of action that Kane Kessler aided and abetted breaches of fiduciary duty by Joseph and Bruce with respect to the use of Bruce Supply's assets and the usurpation of its corporate opportunities. In granting Kane Kessler's motion to dismiss the ninth cause of action, the court noted a lack of specificity as to the firm's relevant billings and services rendered. As to the tenth cause of action, the court found a similar lack of particularity with respect to how Kane Kessler aided and abetted Joseph's and Bruce's alleged breaches of fiduciary duty. The Kane Kessler invoice and copies of corporate filings, all of which were not previously produced in discovery, provided the particularity needed to support the ninth and tenth causes of action. When evidentiary material is considered, the criterion on a CPLR 3211 (a) (7) motion is whether a plaintiff has a claim, not whether he or she has stated one (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). Granting leave to renew was therefore a provident exercise of the court's discretion.

Contrary to Kane Kessler's argument, the tenth cause of action does not duplicate the previously dismissed legal malpractice claim. The two claims are premised on different facts that support different theories (*see e.g. Kurman v Schnapp*, 73 AD3d 435 [2010]). The legal malpractice cause of action was based on Kane Kessler's drafting of stock purchase agreements and a shareholders' agreement that were unrelated to the alleged conduct underlying the tenth cause of action.

The ninth and tenth causes of action are subject to CPLR 214's three-year limitations period because plaintiff seeks money damages only under these claims (*see Yatter v Morris Agency*, 256 AD2d 260, 261 [1998]). These claims are not time-barred inasmuch as Kane Kessler's aforementioned invoice recites actionable conduct committed within three years prior to the commencement of this action.

We initially reject the Weksler defendants' argument that the appeal from the June 2009 disqualification order should be dismissed. Unlike *Sholes v Meagher* (100 NY2d 333 [2003]),

where the court truly acted sua sponte, the June 2009 order was issued in response to a request for clarification of an October 2008 order. Hence, the June 2009 order is akin to a resettlement of the October 2008 order (*see e.g. Foley v Roche*, 68 AD2d 558, 566-567 [1979]). An application for resettlement is "not required to be brought pursuant to notice of motion or by order to show cause" (*Zelman v Lipsig*, 178 AD2d 298, 299 [1991]). The June 2009 order contains a material change—the October 2008 order merely prohibited Schimek from viewing "Attorneys' Eyes Only" documents, whereas the June 2009 order also disqualified him from acting as plaintiff's attorney in any capacity and prohibited plaintiff's counsel of record from discussing the case with him. Therefore, it was appealable (*see e.g. Gormel v Prudential Ins. Co. of Am.*, 151 AD2d 1048 [1989]; *Matter of Kolasz v Levitt*, 63 AD2d 777, 779 [1978]). Since plaintiff withdrew her appeal from the October 2008 order instead of abandoning it, she may pursue her appeal from the June 2009 order (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750, 755-756 [1999]).

The court improvidently exercised its discretion in categorically disqualifying Schimek from acting as plaintiff's attorney. Schimek's affidavit is not contradicted insofar as he states that he never worked for the firm representing plaintiff and has not ever represented plaintiff in this action. Defendants' reliance on the advocate-witness rule set forth in rule 3.7 of the Rules of Professional Conduct (22 NYCRR 1200.0 [former Code of Professional Responsibility DR 5-102 (22 NYCRR 1200.21)]), is misplaced. The purpose of the advocate-witness rule is to avoid the unseemly situation where an attorney must both testify on behalf of a client and argue the credibility of his or her testimony at trial (*Skiff-Murray v Murray*, 3 AD3d 610, 611 [2004]). The rule is not implicated here because, as stated above, Schimek does not appear for plaintiff in this action.

We similarly reject the Weksler defendants' argument that Schimek should be disqualified because he allegedly violated Rules of Professional Conduct (22 NYCRR 1200.0) rule 4.2 (former Code of Professional Responsibility DR 7-104 [a] [1] [22 NYCRR 1200.35 (a) (1)]). The rule prohibits an attorney who represents a client from communicating about the subject matter of the representation with a party the attorney knows to be represented by another attorney in the matter without legal authorization or the prior consent of the other lawyer. On this score, Schimek's affidavit is also unchallenged insofar as he swears that he did indeed discuss the subject matter of this action with Joseph and Bruce at the very suggestion of their Kane

Kessler attorney. Concur—Mazzarelli, J.P., Sweeny, Catterson, Renwick and DeGrasse, JJ.