Biotech Surgical Supply, Inc., as Assignee of Louise Moses, Appellant, 
against
Country Wide Insurance Company, Respondent. 




Glinkenhouse, Floumanhaft & Queen, by Glinkenhouse Queen (Alan Queen and Stephen J. Green of counsel), for appellant.
Jaffe & Koumourdas, LLP (Jean H. Kang of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered February 22, 2018. The order, insofar as appealed from, sua sponte stayed the accrual of no-fault statutory interest from February 3, 2003 through February 14, 2017.




ORDERED that the appeal is dismissed.
This action by a provider to recover assigned first-party no-fault benefits was settled in February 2003. Defendant did not pay the settlement amount, and a judgment was entered on January 30, 2017, pursuant to CPLR 5003-a. Plaintiff subsequently moved, pursuant to CPLR 5019 (a), to, in effect, correct the January 30, 2017 judgment by recalculating the interest. By order entered February 22, 2018, the Civil Court granted the motion but, sua sponte, stayed the accrual of statutory no-fault interest from February 3, 2003 through February 14, 2017. Plaintiff appeals from so much of the order as, sua sponte, stayed the accrual of interest.
The portion of the order which tolled the accrual of interest did not address a demand for relief made on notice and was, therefore, sua sponte. Thus, that portion of the order is not appealable as of right (see CCA 1702 [a] [2]; Sholes v Meagher, 100 NY2d 333 [2003]; Active Care Med. Supply Corp. v Delos Ins. Co., 55 Misc 3d 144[A], 2017 NY Slip Op 50650[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]), and we decline to grant leave to appeal. [*2]Plaintiff "could properly have moved to vacate the order and appealed as of right" to this court in the event that the motion was denied (Sholes, 100 NY2d at 335; see Active Care Med. Supply Corp., 55 Misc 3d 144[A], 2017 NY Slip Op 50650[U]; see also CCA 1702 [a] [3]), but plaintiff failed to make such a motion.
With respect to the position of the dissenting justice, we submit that deeming the appeal as something other than an improper appeal without permission should not be done routinely, particularly as there have been numerous such appeals made without permission in cases similar to this.
Accordingly, the appeal is dismissed.
PESCE, P.J., and ELLIOT, J., concur.
WESTON, J., dissents and votes to, on the court's own motion, treat the notice of appeal as an application for leave to appeal and grant leave, and, thereupon, to reverse the order, insofar as appealed from, and to vacate so much of the order as stayed the accrual of statutory no-fault interest, in the following memorandum:
This is yet another case in which this court has had to address the Civil Court's sua sponte stay of the accrual of statutory no-fault interest. While it may be expedient to dismiss the appeal, in my opinion, plaintiff's notice of appeal should be treated as a motion for leave to appeal and such leave granted. Alternatively, plaintiff's motion may be treated as a motion to resettle the judgment, and the court's order, which materially changed the prior judgment, is appealable (see Weksler v Weksler, 81 AD3d 401 [2011]; Gormel v Prudential Ins. Co. of Am., 151 AD2d 1048 [1989]). Upon granting leave, I would reverse so much of the order as stayed the accrual of no-fault statutory interest.
This action by a provider to recover assigned first-party no-fault benefits was settled in February 2003. Defendant did not pay the settlement amount, and a judgment was subsequently entered on January 30, 2017, pursuant to CPLR 5003-a. Plaintiff appeals from so much of an order of the Civil Court entered February 22, 2018 as sua sponte stayed the accrual of no-fault statutory interest from February 3, 2003 through February 14, 2017.
The Civil Court erred in staying interest from the date of the settlement of the action to the date when the motion was made. Once the case settled, defendant was obligated to pay the agreed-upon amount to plaintiff (see CPLR 5003-a) and "plaintiff, as the prevailing party, was not required to make a demand for the money" (B.Z. Chiropractic, P.C. v Allstate Ins. Co., 56 Misc 3d 139[A], 2017 NY Slip Op 51091[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; see CPLR 5003-a [e]). Defendant did not demonstrate that plaintiff had prevented defendant in any way from paying the settlement amount (see ERHAL Holding Corp. v Rusin, 252 AD2d 473, 474 [1998]; Juracka v Ferrara, 120 AD2d 822 [1986]; Craniofacial Pain Mgt. v Allstate Ins. Co., 61 Misc 3d 155[A], 2018 NY Slip Op 51825[U] [App Term, 2d Dept, 2d, 11th [*3]& 13th Jud Dists 2018]; B.Z. Chiropractic, P.C., 56 Misc 3d 139[A], 2017 NY Slip Op 51091[U]). Therefore, the Civil Court erred in tolling the accrual of interest (see Craniofacial Pain Mgt., 61 Misc 3d 155[A], 2018 NY Slip Op 51825[U]; B.Z. Chiropractic, P.C., 56 Misc 3d 139[A], 2017 NY Slip Op 51091[U]). 
Accordingly, the order, insofar as appealed from, should be reversed, and so much of the order as stayed the accrual of statutory no-fault interest from February 3, 2003 to February 14, 2017 should be vacated.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 31, 2019