Trans Med. Supply, Inc. v Country Wide Ins. Co. (2020 NY Slip Op 20364)

Trans Med. Supply, Inc. v Country Wide Ins. Co.

2020 NY Slip Op 20364 [71 Misc 3d 11]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, May 19, 2021

[*1]

Trans Medical Supply, Inc., as Assignee of Robert Atkinson, Appellant,
v
Country Wide Insurance Company, Respondent.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, November 27, 2020

APPEARANCES OF COUNSEL

Glinkenhouse, Floumanhaft & Queen, by Glinkenhouse Queen (Alan Queen and Stephen J. Green of counsel), for appellant.
Jaffe & Velazquez, LLP (Jean H. Kang of counsel) for respondent.

{**71 Misc 3d at 12} OPINION OF THE COURT

Memorandum.

Ordered that the appeal is dismissed.
This action by a provider to recover assigned first-party no-fault benefits was settled by a two-attorney stipulation dated June 16, 2003. Defendant did not pay the settlement amount, and a judgment was entered on January 12, 2017, pursuant to CPLR 5003-a. Plaintiff subsequently moved, pursuant to CPLR 5019 (a), in effect, to correct the January 12, 2017 judgment by recalculating the interest. By order entered February 20, 2018, the Civil Court granted the motion, but, sua sponte, stayed the accrual of statutory no-fault interest from June 16, 2003, through February 22, 2017. Plaintiff appeals from so much of the order as, sua sponte, stayed the accrual of interest.
The portion of the order which tolled the accrual of interest did not address a demand for relief made on notice and was, therefore, sua sponte. Thus, that portion of the order is not appealable as of right (see CCA 1702 [a] [2]; Sholes v Meagher, 100 NY2d 333 [2003]; Active Care Med. Supply Corp. v Delos Ins. Co., 55 Misc 3d 144[A], 2017 NY Slip Op 50650[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]), and we decline to grant leave to appeal. Plaintiff "could properly have moved to vacate the order and appealed as of right" to this court in the event that the motion was denied (Sholes, 100 NY2d at 335; see Active Care Med. Supply Corp., 55 Misc 3d 144[A], 2017 NY Slip Op 50650[U]; see also CCA 1702 [a] [3]), but plaintiff failed to make such a motion.
With respect to the position of the dissenting justice, we submit that deeming the appeal [*2]as something other than an improper appeal without permission should not be done{**71 Misc 3d at 13} routinely, particularly as there have been numerous such appeals made without permission in cases similar to this.
Accordingly, the appeal is dismissed.
Weston, J. (dissenting and voting to, on the court's own motion, treat the notice of appeal as an application for leave to appeal and grant leave, and, thereupon, to reverse the order, insofar as appealed from, and to vacate so much of the order as stayed the accrual of statutory no-fault interest, in the following memorandum). This is yet another case in which this court has had to address the Civil Court's sua sponte stay of the accrual of statutory no-fault interest. While it may be expedient to dismiss the appeal, in my opinion, plaintiff's notice of appeal should be treated as a motion for leave to appeal and such leave granted. Alternatively, plaintiff's motion may be treated as a motion to resettle the judgment, and the court's order, which materially changed the prior judgment, is appealable (see Weksler v Weksler, 81 AD3d 401 [2011]; Gormel v Prudential Ins. Co. of Am., 151 AD2d 1048 [1989]). Upon granting leave, I would reverse so much of the order as stayed the accrual of no-fault statutory interest.
This action by a provider to recover assigned first-party no-fault benefits was settled in June 2003. Defendant did not pay the settlement amount, and a judgment was subsequently entered on January 12, 2017, pursuant to CPLR 5003-a. Plaintiff appeals from so much of an order of the Civil Court entered February 20, 2018, as sua sponte stayed the accrual of no-fault statutory interest from June 16, 2003, through February 22, 2017.
The Civil Court erred in staying interest from the date of the settlement of the action to the date when the motion was made. Once the case settled, defendant was obligated to pay the agreed-upon amount to plaintiff (see CPLR 5003-a) and "plaintiff, as the prevailing party, was not required to make a demand for the money" (B.Z. Chiropractic, P.C. v Allstate Ins. Co., 56 Misc 3d 139[A], 2017 NY Slip Op 51091[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; see CPLR 5003-a [e]). Defendant did not demonstrate that plaintiff had prevented defendant in any way from paying the settlement amount (see ERHAL Holding Corp. v Rusin, 252 AD2d 473, 474 [1998]; Juracka v Ferrara, 120 AD2d 822 [1986]; Craniofacial Pain Mgt. v Allstate Ins. Co., 61 Misc 3d 155[A], 2018 NY Slip Op 51825[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; B.Z. Chiropractic, P.C., 56 Misc 3d 139[A], 2017 {**71 Misc 3d at 14}NY Slip Op 51091[U]). Therefore, the Civil Court erred in tolling the accrual of interest (see Craniofacial Pain Mgt., 61 Misc 3d 155[A], 2018 NY Slip Op 51825[U]; B.Z. Chiropractic, P.C., 56 Misc 3d 139[A], 2017 NY Slip Op 51091[U]).
Accordingly, the order, insofar as appealed from, should be reversed, and so much of the order as stayed the accrual of statutory no-fault interest from June 16, 2003, through February 22, 2017, should be vacated.
[*3]
Aliotta and Siegal, JJ., concur; Weston, J.P., dissents in a separate memorandum.