Flagstar Bank, FSB v Stewart (2024 NY Slip Op 01845)

Flagstar Bank, FSB v Stewart

2024 NY Slip Op 01845

Decided on April 4, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 4, 2024

535862
[*1]Flagstar Bank, FSB, Respondent,
v
Patricia Stewart, Also Known as Patricia A. Stewart, et al., Appellants.

Calendar Date:February 16, 2024

Before:Egan Jr., J.P., Clark, Lynch, McShan and Powers, JJ.

Mann Law Firm, PC, Latham (Matthew J. Mann of counsel), for appellants.
Gross Polowy, LLC, Williamsville (Bridget C. Bidonde of counsel), for respondent.

Lynch, J.
Appeals (1) from an order of the Supreme Court (Lisa M. Fisher, J.), entered July 5, 2022 in Greene County, which granted plaintiff's motion to, among other things, appoint a substitute referee, and (2) from an order of said court (Richard Mott, J.), entered July 5, 2022 in Greene County, which granted plaintiff's motion to resettle said order.
This mortgage foreclosure action comes before us a second time (186 AD3d 1808 [3d Dept 2020]). In December 2006, defendants executed a note to borrow $233,750 from plaintiff, secured by a mortgage against their real property in Greene County. Following a default in payment, plaintiff commenced this action in March 2011. Eventually, a judgment of foreclosure and sale was entered in November 2019, as a consequence of which this Court dismissed defendants' prior appeal from an interlocutory order (id. at 1808). Pertinent here, the judgment directed that the sale take place within 90 days of the date of the judgment — which was dated October 2, 2019 (see RPAPL 1351 [1]). By motion returnable February 21, 2020, plaintiff moved for the appointment of a substitute referee, upon learning that the appointed referee was not eligible, and for an extension of the sale deadline. On March 10, 2020, Supreme Court (Fisher, J.) granted the motion, appointing a substitute referee and directing that the sale be "held within one year of the entry of this [o]rder."
On March 20, 2020, then-Governor Andrew M. Cuomo signed the first of a series of executive orders temporarily limiting court operations, tolling the time frames for actions in New York and precluding foreclosure of any residential property (see Matter of Roach v Cornell Univ., 207 AD3d 931, 932 [3d Dept 2022]; Executive Order [A. Cuomo] No. 202.8 [9 NYCRR § 8.202.8]). By Administrative Order 341/20 issued on December 31, 2020, actions in which a judgment of sale had been issued but not yet executed were stayed under certain circumstances until at least May 1, 2021. Subsequently, in May 2022, after discerning that the original March 10, 2020 order had never been entered and could not be located, plaintiff submitted a notice of settlement for the issuance of a duplicate order. Supreme Court (Mott, J.) approved the application and issued a duplicate order on July 5, 2022. Defendants' appeals ensued.
We affirm. In our view, Supreme Court (Fisher, J.) providently exercised its discretion pursuant to CPLR 2004 in extending plaintiff's time to conduct the foreclosure action (see Bank of N.Y. Mellon v Ramsamooj, 219 AD3d 1402, 1403 [2d Dept 2023]; Bank of Am., N.A. v Cord, 214 AD3d 934, 935-936 [2d Dept 2023]). Beyond the need to appoint a new referee, the order was prudently extended to account for the impending COVID-19 pandemic. Throughout the delay period, defendants retained possession of the residence and showed no actual prejudice. With respect to the duplicate order, Supreme Court (Mott, J.) acted within its discretion in accepting plaintiff's representation that [*2]the original order had been lost and simply signed a duplicate original without any substantive changes [FN1] (see CPLR 2001; Weksler v Weksler, 81 AD3d 401, 403 [1st Dept 2011]; Foley v Roche, 68 AD2d 558, 566 [1st Dept 1979]; compare Matter of Joan HH. v Maria II., 174 AD3d 1189, 1190 [3d Dept 2019] [resettlement may not be used to effect a substantive change]). In this resettlement context, a motion fee was not required. Having failed to file a notice of appeal from the judgment of foreclosure, defendants' arguments concerning the judgment and preceding interlocutory orders are not reviewable on this appeal (see Flagstar Bank, FSB v Stewart, 186 AD3d at 1808-1809; US Bank Trust, N.A. v Lynch, 168 AD3d 1242, 1243 [3d Dept 2019]). Finally, under the circumstances presented, we decline plaintiff's request for an award of sanctions against defendants and their counsel.
Egan Jr., J.P., Clark, McShan and Powers, JJ., concur.
ORDERED that the orders are affirmed, with costs.

Footnotes

Footnote 1: We take note that by this point Judge Fisher, who signed the original March 2020 order, had been appointed to the Appellate Division, Third Department, necessitating the appointment of a new judge (see CPLR 2221 [a]; 5019 [a]).