Sweeney v Niagara Lutheran Dev., Inc. (2025 NY Slip Op 01758)

Sweeney v Niagara Lutheran Dev., Inc.

2025 NY Slip Op 01758

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, NOWAK, AND HANNAH, JJ.

848 CA 23-01166

[*1]MICHAEL SWEENEY, AS ADMINISTRATOR OF THE ESTATE OF MARIE SWEENEY, DECEASED, PLAINTIFF-RESPONDENT-APPELLANT,
v
NIAGARA LUTHERAN DEVELOPMENT, INC., DOING BUSINESS AS GREENFIELD HEALTH & REHABILITATION CENTER, NIAGARA LUTHERAN HEALTH SYSTEM, INC., DEFENDANTS-RESPONDENTS, AND PATRICK SIAW, M.D., DEFENDANT-APPELLANT-RESPONDENT. (APPEAL NO. 1.) 

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (AMANDA C. ROSSI OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT. 
CAMPBELL AND ASSOCIATES, HAMBURG (DAVID J. WOLFF, JR., OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.
HURWITZ & FINE, P.C., BUFFALO (V. CHRISTOPHER POTENZA OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal and cross-appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered June 30, 2023. The order, among other things, denied in part the motion of defendant Patrick Siaw, M.D. for summary judgment dismissing the amended complaint against him, and granted the motion of defendants Niagara Lutheran Development, Inc., doing business as Greenfield Health & Rehabilitation Center, and Niagara Lutheran Health System, Inc., for summary judgment dismissing the amended complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this medical malpractice and wrongful death action seeking damages for injuries allegedly sustained after the muscle relaxant baclofen was prescribed and administered to plaintiff's decedent. Following successful hip replacement surgery at a hospital in Buffalo in June 2015, decedent was transferred to defendant Niagara Lutheran Development, Inc., doing business as Greenfield Health & Rehabilitation Center (Greenfield) for inpatient rehabilitation. A physician examined decedent and continued the hospital's medication plan, including the pain reliever Norco. Two days later, decedent complained of painful muscle spasms and a nurse contacted defendant physician Patrick Siaw, M.D. (defendant), who prescribed baclofen. Decedent received 10 mg doses of baclofen that night and the following morning. A few hours after the second dose, decedent was found to have an altered mental state and was taken by ambulance back to the hospital, where she was evaluated for potential seizures. Decedent was discharged two and a half weeks later. Decedent died in May 2018, of septic shock attributable to pneumonia. As relevant on appeal, plaintiff alleges that defendant's prescription of baclofen, in conjunction with Norco, to decedent deviated from the standard of care for a reasonably prudent physician because it created a significant risk of brain injury. Plaintiff also alleges that Greenfield and defendant Niagara Lutheran Health System, Inc. (Niagara) are vicariously liable for defendant's alleged negligence.
In appeal No. 1, defendant appeals from an order insofar as it denied in part his motion for summary judgment dismissing the amended complaint against him, and plaintiff cross-[*2]appeals from the same order insofar as it granted the motion of Greenfield and Niagara for summary judgment dismissing the amended complaint against them. In appeal No. 2, defendant appeals from an order that granted plaintiff's motion to amend the order in appeal No. 1 and to settle the record on appeal and denied defendant's cross-motion to settle the record on appeal. In appeal No. 3, defendant appeals, and plaintiff cross-appeals, from those parts of an amended order providing the same relief as the order in appeal No. 1 that are adverse to defendant and plaintiff respectively.
In appeal No. 1, defendant contends that Supreme Court erred in denying in part his motion for summary judgment dismissing the amended complaint against him because he met his burden of proof and plaintiff failed to demonstrate the existence of a triable issue of fact. We reject that contention.
On a summary judgment motion in a medical malpractice action, a defendant has "the initial burden of establishing either that there was no deviation or departure from the applicable standard of care or that any alleged departure did not proximately cause the plaintiff's injuries" (Occhino v Fan, 151 AD3d 1870, 1871 [4th Dept 2017] [internal quotation marks omitted]). "Once a defendant meets the initial burden, [t]he burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact . . . only as to the elements on which the defendant met the prima facie burden" (Lewis v Sulaiman, 217 AD3d 1443, 1444 [4th Dept 2023] [internal quotation marks omitted]). Plaintiff does not dispute that defendant satisfied his initial burden but contends that plaintiff's experts raised triable issues of fact sufficient to defeat defendant's motion. We agree with plaintiff.
Plaintiff submitted expert affidavits from a physician who practices in internal medicine and geriatrics and a neurologist who practices in neurology. Both experts opined that there is a moderate contraindication for prescribing baclofen and Norco together and that, in decedent's case, prescribing those medications together was outside the standard of care of a reasonably prudent physician. They further opined that, as a result of the baclofen, decedent sustained metabolic encephalopathy and, as a result of spending extended time on her back, decedent became more susceptible to aspiration and pneumonia, which ultimately caused her death. The opinions of plaintiff's experts raised triable issues of fact whether defendant departed from the applicable standard of care and whether any such deviation was a proximate cause of decedent's injuries (see Leberman v Glick, 207 AD3d 1203, 1205 [4th Dept 2022]; Wilk v James, 107 AD3d 1480, 1484 [4th Dept 2013]). Where, as here, plaintiff's experts' opinions directly opposed defendant's expert's opinions, the result is a "classic battle of the experts that is properly left to a jury for resolution" (Cooke v Corning Hosp., 198 AD3d 1382, 1383 [4th Dept 2021] [internal quotation marks omitted]; see Peevey v Unity Health Sys., 196 AD3d 1139, 1140 [4th Dept 2021]; Ferlito v Dara, 306 AD2d 874, 874 [4th Dept 2003]).
On plaintiff's cross-appeal in appeal No. 1, plaintiff contends that there are issues of fact regarding Greenfield's and Niagara's vicarious liability for defendant's alleged negligence. We reject plaintiff's contention. Assuming, arguendo, that the contention is preserved for our review, Greenfield and Niagara met their initial burden of establishing entitlement to summary judgment by demonstrating that defendant was not an employee of Greenfield or Niagara and those organizations did not control the manner in which he performed his work (see Pasek v Catholic Health Sys., Inc., 195 AD3d 1381, 1381-1382 [4th Dept 2021]; see also Mduba v Benedictine Hosp., 52 AD2d 450, 452 [3d Dept 1976]). In response, plaintiff failed to raise a triable issue of fact whether defendant was an employee of Greenfield or Niagara or whether Greenfield or Niagara controlled the manner in which he performed his work. The theory of ostensible agency is similarly inapplicable because Greenfield and Niagara established that decedent could not have reasonably believed that defendant was acting on Greenfield's or Niagara's behalf or that Greenfield or Niagara chose defendant to treat decedent (see Pasek, 195 AD3d at 1382-1383) and, in opposition, plaintiff failed to raise a triable issue of fact whether Greenfield or Niagara is liable under a theory of ostensible agency.
In appeal No. 2, defendant contends that the court erred in granting plaintiff's motion seeking leave to amend the order in appeal No. 1 and to settle the record on appeal as proposed by plaintiff. We reject that contention. Notably, the court considered the revised submissions that appended the experts' curricula vitae (CVs) and then issued an amended order to reflect that it so considered them. A court has the discretion to accept late papers as long as the delinquent [*3]party offers a valid excuse for the delay (see Mallards Dairy, LLC v E & M Engrs. & Surveyors, P.C., 71 AD3d 1415, 1416 [4th Dept 2010]). Plaintiff identified law office failure as the reason why his experts' CVs were not attached to their submissions. Given the nonsubstantive nature of the error and the general preference for resolving cases on their merits, the court properly permitted the revised submissions (see Fuller v Aberdale, 130 AD3d 1277, 1279-1280 [3d Dept 2015]; Payne v Buffalo Gen. Hosp., 96 AD3d 1628, 1629 [4th Dept 2012]). Further, because the court relied on the revised expert submissions in reaching its decision, it was not error for the court to settle the record on appeal and amend the prior order to correct the omission (see Charalabidis v Elnagar, 188 AD3d 44, 48 [2d Dept 2020]; Smith v Monro Muffler Brake, 275 AD2d 1028, 1030 [4th Dept 2000], lv denied 96 NY2d 710 [2001]; see generally Greater Buffalo Acc. & Injury Chiropractic, P.C. v Geico Cas. Co., 175 AD3d 1100, 1101-1102 [4th Dept 2019]).
In appeal No. 3, because the amendment to the order in that appeal made no substantive change to the order in appeal No. 1 (see Matter of Jennifer G., 190 AD2d 1095, 1095 [4th Dept 1993]; Singer v Board of Educ. of City of N.Y., 97 AD2d 507, 507 [2d Dept 1983]), the appeal and cross-appeal from the amended order in appeal No. 3 must be dismissed (see Schachtler Stone Prods., LLC v Town of Marshall, 209 AD3d 1316, 1318 [4th Dept 2022]; Gormel v Prudential Ins. Co. of Am., 151 AD2d 1048, 1048 [4th Dept 1989]; Matter of Kolasz v Levitt, 63 AD2d 777, 779 [3d Dept 1978]).
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court