U.S. Bank N.A. v Guardian Preserv., LLC (2025 NY Slip Op 02688)

U.S. Bank N.A. v Guardian Preserv., LLC

2025 NY Slip Op 02688

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, NOWAK, AND DELCONTE, JJ.

295 CA 24-00797

[*1]U.S. BANK NATIONAL ASSOCIATION, AS SUCCESSOR IN INTEREST TO BANK OF AMERICA NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE GSAMP TRUST 2006-HE4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-HE4, PLAINTIFF-RESPONDENT,
v
GUARDIAN PRESERVATION, LLC, DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 

SANDRA POLAND DEMARS, ALBANY, FOR DEFENDANT-APPELLANT. 
HINSHAW & CULBERTSON LLP, NEW YORK CITY (CLAIRE A. STANDISH OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an amended order of the Supreme Court, Monroe County (Judith A. Sinclair, J.), entered April 18, 2024. The amended order, inter alia, granted the motion of plaintiff seeking, among other things, summary judgment. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In this residential foreclosure action, Guardian Preservation, LLC (defendant) appeals from an amended order granting plaintiff's motion for, inter alia, summary judgment on the amended complaint against defendant, an order of reference, and a caption amendment. We dismiss the appeal.
Inasmuch as the "amended order merely corrected . . . clerical error[s] in the [original] order" by revising the recitation of the papers used on the motion and correcting the ordered amendment to the caption while otherwise retaining the remainder of the original order, the amended order "did not effect a substantive change" and the appeal therefore properly lies from the original order, from which defendant has not appealed (Moody v Sorokina, 56 AD3d 1246, 1247 [4th Dept 2008]; see Reading v Fabiano [appeal No. 2], 126 AD3d 1523, 1524 [4th Dept 2015]; Matter of Kolasz v Levitt, 63 AD2d 777, 779 [3d Dept 1978]; see generally Robert Martin Co. v Town of Greenburgh, 74 NY2d 701, 701 [1989]). Moreover, a final judgment of foreclosure and sale was subsequently entered in this action, and an appeal from that judgment is not presently before us (see Lakeview Loan Servicing, LLC v Finn, 176 AD3d 1599, 1599 [4th Dept 2019]; US Bank Trust, N.A. v Lynch, 168 AD3d 1242, 1243 [3d Dept 2019]; cf. CPLR 5501 [c]). Inasmuch as " '[t]he right to appeal from an intermediate order terminates with the entry of a final judgment,' " defendant's "appeal from the intermediate order must be dismissed" for that additional reason (Lakeview Loan Servicing, LLC, 176 AD3d at 1599; see Matter of Aho, 39 NY2d 241, 248 [1976]; see also Norwest Mtge. v Clifford, 271 AD2d 721, 721 [3d Dept 2000]; see generally CPLR 5501 [a] [1]). Defendant may raise its contentions in an appeal from the final judgment (see Cianci v University of Rochester, 231 AD3d 1536, 1537 [4th Dept 2024]; Ford v Chahfe, 227 AD3d 1519, 1519 [4th Dept 2024]).
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court