■ SAMUEL GERSTEN, Appellant, v KENNETH GERSTEN, Respondent. FERRARO ROGERS DRANOFF GREENBAUM CODY GOLDSTEIN & MILLER, P. C., Appellant.—Order, Supreme Court, Bronx County (Anita Florio, J.), entered January 30, 1987, which (1) denied the motion of plaintiff's attorneys for permission to withdraw, and (2) granted defendant's cross motion for summary judgment on his counterclaim, is unanimously reversed, on the law and the facts, appellant attorneys' motion for permission to withdraw granted, and defendant's cross motion for summary judgment denied without prejudice to renewal, without costs.

Having been advised by its client that its services were no longer desired, plaintiff's attorneys, the appellant law firm herein, moved for permission to withdraw. In response, defendant cross-moved for summary judgment on his counterclaim. IAS denied the motion to withdraw, and granted the cross motion for summary judgment, because appellant did not

appear in court on the return date of the motions for oral argument. Moving for reargument, appellant explained that it was unaware of IAS's rule that every motion be orally argued, and that when it did learn of the rule after receiving a telephone call from Chambers on the return date, it was too late for it to come to court, its office being out of town. With respect to the cross motion, appellant also asserted that it was never served with the papers. In opposition, defendant's attorney did not address the matter of service, and proof of service of the cross motion is not included in the record. The court denied reargument on the ground that it did not overlook any facts or misapprehend the law.

We deem appellant's motion to reargue as one to vacate a default, and, so considered, review denial thereof pursuant to CPLR 5520 (c) *(see, Blanco v RKO Theatres,* 43 AD2d 953). The default should have been vacated upon appellant's showing that its failure to appear for oral argument was inadvertent, and, upon vacatur, appellant's motion for permission to withdraw, a procedure required even of attorneys who have been discharged when a change of attorneys is not effected by written consent (CPLR 321 [b]), should have been granted in view of irrefutable evidence that appellant had been discharged by plaintiff (Code of Professional Responsibility DR 2-110 [B] [4]). Defendant's cross motion for summary judgment should not have been entertained without proof of service. Concur—Sullivan, J. P., Ross, Asch and Wallach, JJ.