■ DORIS L. SASSOWER, Appellant, v STUART BLAUSTEIN, Respondent. (Action No. 1.) STUART BLAUSTEIN, Respondent, v

DORIS L. SASSOWER et al., Appellants. (Action No. 2.) [618 NYS2d 47] —In two related actions to recover legal fees allegedly due and unpaid and to recover damages for legal malpractice, Doris L. Sassower and Doris L. Sassower, P. C., appeal (1) from an order of the Supreme Court, Nassau County (Becker, J.), entered February 4, 1992, which, *inter alia,* directed Doris L. Sassower to turn over to Stuart Blaustein certain legal files; (2) as limited by their brief, from so much of an order of the same court, entered June 1, 1992, as denied their application to stay disclosure; (3) an order of the same court, entered August 26, 1992, which (a) dismissed Doris L. Sassower's cause of action for legal fees in Action No. 1 and (b) precluded them from introducing evidence with respect to documents which they had failed to produce to Stuart Blaustein in Action No. 2; (4) an order of the same court entered August 26, 1992, which (a) dismissed the complaint in Action No. 1 with prejudice and (b) precluded them from introducing evidence in Action No. 2 to the extent indicated in the order entered August 26, 1992; (5) an order of the same court entered September 21, 1992, which struck the answer in Action No. 2 and set the matter down for an inquest; (6) an order of the same court, entered October 16, 1992, which, *inter alia,* (a) denied Doris L. Sassower's motion for renewal of the orders entered February 4, 1992, June 1, 1992, August 26, 1992, and September 21, 1992, (b) denied the motion to the extent it could be construed as one to vacate her default in opposing the prior orders, and (c) vacated a stay contained in her order to show cause and directed a previously ordered inquest to go forward; and (7) an order of the same court, entered December 31, 1992, which, *inter alia,* (a) set Action No. 2 down for inquest and (b) precluded the defendants, Doris L. Sassower and Doris L. Sassower, P. C., from participating in the liability portion of the trial.

Ordered that the orders are affirmed, with one bill of costs payable by Doris L. Sassower and Doris L. Sassower, P. C.

Doris L. Sassower commenced Action No. 1, seeking to recover allegedly unpaid legal fees from her former client, Stuart Blaustein, in connection with her representation of him in a matrimonial matter. Subsequently, Blaustein commenced Action No. 2 against Sassower individually, and Doris L. Sassower, P. C. (hereinafter collectively Sassower), seeking to recover damages for legal malpractice.

In several orders, the Supreme Court directed that Sassower turn over copies of her file in the underlying matrimonial action to Blaustein. Sassower did not comply with any of these orders. Ultimately the court dismissed the complaint in Action No. 1, struck Sassower's answer in Action No. 2, and directed that the matter proceed to an inquest.

In November 1991, Sassower discharged her attorney, Donald Rosenkrantz, and substituted different counsel. In an order dated December 11, 1991 and entered June 1, 1992, which, *inter alia,* denied her motion to stay disclosure, the court granted Rosenkrantz's application to withdraw as counsel and directed that the law firm which had filed the motion to stay disclosure substitute as Sassower's counsel. On appeal, Sassower argues that as a result of her discharge of Rosenkrantz, she was entitled to a stay pursuant to CPLR 321 (c).

We find that the orders were not issued in violation of CPLR 321. Clearly, CPLR 321 (c), with its 30-day automatic stay, is inapplicable since Sassower's attorney, Donald Rosenkrantz, did not die, was not removed, and was not in any way disabled. The court properly treated Mr. Rosenkrantz's letter as an application to withdraw and, further, properly granted the application in view of the fact that Sassower had, in fact, discharged Rosenkrantz as her attorney *(see, Gersten v Gersten,* 134 AD2d 224).

Moreover, "there exists no authority to support the * * * proposition that the withdrawal of counsel prior to the issuance of a judgment or order renders the determination void" *(Aquart v Aquart,* 182 AD2d 735, 736). In any event, Sassower was personally notified of the proceedings and she received a copy of the December 11, 1991 order in time for her to attend the January 15, 1992 court-ordered conference, if she had so desired.

We also find, contrary to Sassower's contentions, that there is sufficient evidence in the record to establish that the orders were properly served and were therefore enforceable. The letters from Sassower to her attorney indicate that she received the orders entered February 4, 1992 and June 1, 1992. The record also shows that she was served with copies of the two orders entered August 26, 1992 and September 21, 1992, respectively. Since it is service on a party which gives an order validity, service of the orders herein renders them enforceable *(see, Matter of Raes Pharmacy v Perales,* 181 AD2d 58, 63; *Lyons v Butler,* 134 AD2d 576). Moreover, the fact that some of the orders were not promptly entered was a mere

irregularity which did not affect the validity of the orders *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2220:3, at 166).

We also find that Sassower's failure to comply with the court's previous disclosure orders, which are not at issue in this appeal, justified the measures taken by the court. In an order dated April 7, 1987, the court directed Sassower to provide Blaustein with copies of all papers relating to Blaustein's matrimonial action which gave rise to his action for malpractice. Sassower did not comply with the order. Instead, she raised an argument which she had never raised prior to the April 7, 1987, order, to wit, that she asserted a retaining lien on the documents and refused to make them available. By order dated December 1, 1987, the court permitted her to bring a motion for reconsideration of the April 7, 1987, order based on this entirely new assertion.

In an order dated April 11, 1988, the court considered Sassower's claim that she had a retaining lien and determined that Sassower was "using [the] retaining lien for the sole purpose of defeating legitimate disclosure". It, therefore, directed Sassower to produce the requested documents "within 10 days after entry of [the] order".

However, Sassower never produced the file. Three years later, Dr. Blaustein brought the motion which resulted in the order entered February 4, 1992. Still, she failed to produce the file. In fact, she even ignored the court's invitation to submit an affidavit explaining whether the records were destroyed and/or lost. By the time the order entered September 21, 1992, was issued Sassower had still not produced the documents and had failed to furnish any explanation therefor. Under the circumstances, the court was justified in dismissing her complaint in Action No. 1 and striking her answer in Action No. 2 *(see, Horowitz v Camp Cedarhurst,* 119 AD2d 548; *Ferraro v Koncal Assocs.,* 97 AD2d 429).

We have considered the appellants' remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, O'Brien and Florio, JJ., concur.