■ EDWARD A. ZACHER et al., Plaintiffs, v OAKDALE ISLANDIA LIMITED PARTNERSHIP, Defendant and Third-Party Plaintiff-

Respondent, BUILD, INC., Appellant, et al., Defendants. FIRST INDEMNITY OF AMERICA INSURANCE COMPANY et al., Third-Party Defendants-Appellants. [706 NYS2d 126] —In an action to recover upon a performance bond, (1) the defendant Build, Inc., appeals from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated June 18, 1998, as denied its motion to vacate so much of an order of the same court (Lama, J.), dated December 7, 1990, as confirmed an arbitration award against it and in favor of the defendant third-party plaintiff Oakdale Islandia Limited Partnership, (2) the third-party defendant First Indemnity of America Insurance Company separately appeals from so much of the same order as denied its motion, *inter alia*, for summary judgment dismissing the third-party complaint insofar as asserted against it, and (3) the third-party defendant Daniel DiDominici appeals from the same order.

Ordered that the appeal by Daniel DiDominici is dismissed for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the defendant third-party plaintiff-respondent is awarded one bill of costs payable by the appellants Build, Inc., and First Indemnity of America Insurance Company.

The contention of the defendant Build, Inc. (hereinafter Build), that the order dated December 7, 1990, should be vacated because it violated a stay which was allegedly in effect while Build's prior counsel was seeking leave to withdraw is without merit. Such a stay applies only when an attorney dies, becomes disabled, or has been removed (*see,* CPLR 321 [c]; *Sassower v Blaustein,* 208 AD2d 820). Since none of these circumstances existed here, no stay was in effect. We decline to reach Build's remaining contention, as it was not properly raised before the Supreme Court and, therefore, is raised for the first time on appeal (*see, American Home Assur. Co. v Choudary,* 255 AD2d 346; *Pinkston v Weiss,* 238 AD2d 393; *Lumbermens Mut. Cas. Co. v Morse Shoe Co.,* 218 AD2d 624).

The performance bond issued by First Indemnity of America Insurance Company (hereinafter FIA) did not expressly require a notice of default as a condition precedent to any legal action on the bond. Accordingly, the Supreme Court properly denied the motion of FIA, *inter alia,* for summary judgment dismissing the third-party action on the ground that it had not been notified that its principal had defaulted upon the underlying contract (*see, Menorah Nursing Home v Zukov,* 153 AD2d 13;

*Babylon Assocs. v County of Suffolk,* 101 AD2d 207). Thompson, J. P., Krausman, Florio and Schmidt, JJ., concur.