■ WALTER CONCRETE CONSTRUCTION CORP., Plaintiff, v LEDERLE LABORATORIES et al., Defendants, and FRED L. HOLT, INC., Defendant and Third-Party Plaintiff-Respondent. INTERNATIONAL FIDELITY INSURANCE COMPANY, Third-Party Defendant-Appellant. [734 NYS2d 80] —In an action to recover damages for breach of contract, the third-party defendant appeals from a judgment of the Supreme Court, Rockland County (Meehan, J.), entered August 9, 2000, which, upon an order of the same court dated August 2, 2000, denying its motion for summary judgment dismissing the third-party complaint and granting the motion of the third-party plaintiff for summary judgment, is in favor of the third-party plaintiff and against it in the principal sum of $547,552.32.

Ordered that the judgment is affirmed, with costs.

The defendant third-party plaintiff, Fred L. Holt, Inc. (hereinafter Holt), entered into a subcontract with the plaintiff to perform construction work on a building project for the defendant Lederle Laboratories. The third-party defendant, International Fidelity Insurance Company (hereinafter International), issued a performance bond for the project, naming the plaintiff as the principal and Holt as the obligee.

Contrary to International's contention, Holt was not required to notify it that the principal had defaulted under the subcontract. The performance bond International issued did not expressly require a notice of default as a condition precedent to any legal action on the bond (*see, Zacher v Oakdale Islandia Ltd. Partnership,* 271 AD2d 441; *Menorah Nursing Home v Zukov,* 153 AD2d 13; *Babylon Assocs. v County of Suffolk,* 101 AD2d 207). In addition, by incorporating in its performance bond a subcontract containing an arbitration clause, International agreed to be bound by the determination of the arbitrator in any dispute arising under the subcontract between the plaintiff and Holt (*see, Matter of Fidelity & Deposit Co. v Parsons & Whittemore Contrs. Corp.,* 48 NY2d 127).

International's remaining contentions are without merit. O'Brien, J. P., Friedmann, Schmidt and Townes, JJ., concur.