OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Defendant, Fred Holt, Inc., entered into a subcontract with plaintiff, Walter Concrete Construction Corporation, to perform construction work on a building project for defendant Lederle Laboratories. Third-party defendant International Fidelity Insurance Company issued a standard subcontract performance bond for the project, naming Walter as the principal and Holt as the obligee. The form was promulgated by the American Institute of Architects almost 50 years ago in order to advance the standardization of construction contracts and is commonly referred to in the industry as “AIA Document No. 311”
 
 (see
 
 Cushman,
 
 Surety Bonds on Public and Private Construction Projects,
 
 46 ABA J 649, 650 [1960]).
 

 Although Holt experienced problems with Walter’s performance shortly after the building project commenced in early 1993, Walter remained on the job. Ultimately, Walter abandoned the project in mid-June of 1994, but Holt did not request International to complete the subcontract. Rather, Torcon Inc., the construction manager for Lederle Laboratories, hired contractors who, along with Holt, completed the work by the end of that year. Torcon charged Holt for the costs of completing Walter’s work and deducted that amount from the amounts due Holt under its contract.
 

 From the thicket of claims that ensued, a key legal issue emerges: when Holt demanded payment from International under the bond, International refused, claiming that it had not
 
 *605
 
 received a declaration of default which, it asserted, was a necessary precursor to its liability under the bond. Supreme Court granted Holt’s motion for summary judgment, concluding that the bond did not require Holt to notify International of Walter’s default but that, in any event, Holt had notified International of Walter’s default through an impleader served within two months after the default and prior to completion of the work. The court also noted that International had done nothing to investigate or cure Walter’s default even after receiving notice. The Appellate Division affirmed.
 

 Notwithstanding International’s contrary claim, the AIA-311 performance bond contains no explicit provision requiring a notice of default as a condition precedent to any legal action on the bond
 
 (see Walter Concrete Constr. Corp. v Lederle Labs.,
 
 288 AD2d 377 [2d Dept 2001];
 
 see also Menorah Nursing Home v Zukov,
 
 153 AD2d 13 [2d Dept 1989];
 
 Babylon Assoc. v County of Suffolk,
 
 101 AD2d 207 [2d Dept 1984]).
 

 Surety bonds — like all contracts — are to be construed in accordance with their terms. Unlike the AIA-312 bond, another industry standardized bond, an action on the AIA-311 bond is not tied to a declaration of default, the principal’s cessation of work or the surety’s refusal to perform under the bond. Rather, an action on the AIA-311 need only be commenced within two years from the date on which final payment under the contract is due. Had the parties to the contract desired notice of default as a precursor to liability under the bond, they could have elected to issue the more specific AIA-312, which by its terms requires predefault notification be given to the contractor and surety by the owner.
 

 The bond permits International to complete Walter’s contract on its own, or through another contractor after a default declaration by Holt. However, the bond also acknowledges that International will pay “other costs and damages for which [International] may be liable hereunder” up to the limit of liability for the bond. Thus, the bond clearly anticipates liability for damages caused by Walter even if those damages could have been avoided by assumption of Walter’s obligation under the subcontract.
 

 International’s remaining arguments lack merit.
 

 Chief Judge Kaye and Judges Smith, Ciparick, Wesley, Rosenblatt, Graffeo and Read concur.
 

 Order affirmed, with costs, in a memorandum.