■ 153 HUDSON DEVELOPMENT, LLC, Appellant, v BRYCE DI-NUNNO, Defendant, and THOMSEN CONSTRUCTION CO., INC., et al., Respondents. [778 NYS2d 482]—

Judgments, Supreme Court, New York County (Richard B. Lowe, III, J.), entered June 24 and December 19, 2003, which dismissed the complaint as against defendants Reliance Insurance and Thomsen Construction, unanimously affirmed, with costs. Appeals from orders, same court and Justice, entered May 20 and on or about November 7, 2003, which granted those

defendants' motions for summary judgment, unanimously dismissed, without costs, as subsumed in the appeals from the judgments.

Plaintiff's failure to comply with the notice provisions of the performance bond issued by Reliance precludes it from now maintaining this action for damages against the bond's surety. Contrary to plaintiff's contention that these notice provisions are not conditions precedent to recovery against the surety, this bond mandates that predefault notification be given to the contractor and surety by the owner (*see Walter Concrete Constr. Corp. v Lederle Labs.*, 99 NY2d 603, 605 [2003]). Furthermore, plaintiff's failure to invoke the claim resolution mechanism in its construction contract with Thomsen bars it from seeking recovery from this entity (*see Garofalo Elec. Co. v New York Univ.*, 270 AD2d 76, 80 [2000], *lv dismissed* 95 NY2d 825 [2000]).

We have considered plaintiff's other arguments and find them unavailing. Concur—Buckley, P.J., Lerner, Friedman, Marlow and Sweeny, JJ.