■ NORTHEAST CONSTRUCTION GROUP, INC., Respondent, v DECONSTRUCTION, INC., Appellant. [793 NYS2d 17]—

Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), entered March 4, 2004, after a nonjury trial, awarding plaintiff the principal sum of $50,308, plus interest, costs and disbursements, unanimously affirmed, without costs.

Defendant contractor failed to establish its counterclaims, which asserted a right to deduct amounts spent to remedy certain alleged defaults by plaintiff subcontractor under the subcontract. Paragraph 3.4.1 of the subcontract required giving notice as a condition precedent to taking such deductions (*see generally Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685 [1995]; *153 Hudson Dev., LLC v DiNunno*, 8 AD3d 77 [2004]). Defendant failed to comply with the three-day notice requirement. Furthermore, while paragraph 6 of the rider permitted defendant to terminate any or all of the subcontract upon 48 hours' written notice, none of defendant's correspondence with plaintiff gave any notice of such intention to terminate. Moreover, there was also credible evidence that many of plaintiff's problems in complying with the subcontract were due to defendant's failure to coordinate properly regarding other subcontractors and materials. Defendant thus failed to establish entitlement to the claimed offsets.

For the same reason, defendant is not entitled to a recalculation of damages to include deductions for expenses allegedly incurred in completing plaintiff's work. Defendant has failed to establish any default by plaintiff, or any problems attributable

to plaintiff in failing to complete the work, that would permit such deduction. Furthermore, defendant failed to establish that the work performed by other subcontractors, although within the scope of plaintiff's task, was a reaccomplishment of work already done by plaintiff, necessitated by something other than defendant's inadequate coordination.

Interest was properly granted on the judgment. While paragraph 8 of the rider permitted defendant to withhold certain sums from plaintiff "interest free," this was to ensure that plaintiff paid all its obligations under the subcontract, and was not a general provision for withholding interest on all obligations. In any event, even if paragraph 8 were generally applicable to all interest, it applied only to money properly withheld under the terms of the subcontract. Inasmuch as the withholding of payments here was not proper, the provision in paragraph 8 for withholding interest is not applicable. Concur—Ellerin, J.P., Nardelli, Williams, Gonzalez and Sweeny, JJ.