■ INCORPORATED VILLAGE OF NORTH HILLS, Appellant, v AVR LINKS DEVELOPMENT CORP. et al., Respondents. [822 NYS2d 300]—

In an action to recover upon a maintenance bond, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated August 11, 2005, as, in effect, granted the defendants' motion for summary judgment to the extent of determining that it was required to make a claim under the bond during the term of the bond as a condition precedent to the prosecution of the action and directing a trial on the issue of whether it made a timely claim.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is denied in its entirety.

"Performance bonds are governed by the usual rules of construction of adhesion contracts, and contractual time limitations contained therein are to be strictly construed against the surety (*Comey v United Sur. Co.*, 217 NY 268 [1916])" (*Menorah Nursing Home v Zukov*, 153 AD2d 13, 20 [1989]; *see Johnson City Cent. School Dist. v Fidelity & Deposit Co. of Md.*, 226 AD2d 990, 993 [1996]). Thus, where such a bond contains no express provision requiring an obligee to declare a default, make a claim under the bond, or provide notice to either the surety or the principal, the making or giving of such a declaration, claim, or notice is not a condition precedent to the commencement of an action to recover upon the bond (*see Menorah Nursing Home v Zukov, supra* at 21; *see also Walter Concrete Constr. Corp. v Lederle Labs.*, 288 AD2d 377 [2001], *affd* 99 NY2d 603, 605 [2003]; *Zacher v Oakdale Islandia Ltd. Partnership*, 271 AD2d 441, 442 [2000]; *Babylon Assoc. v County of Suffolk*, 101 AD2d 207, 217-218 [1984]; *cf. Phoenix Acquisition Corp. v Campcore, Inc.*, 81 NY2d 138, 144 [1993]; *State of New York v Peerless Ins. Co.*, 108 AD2d 385, 390-391 [1985], *affd* 67 NY2d 845 [1986]).

The maintenance bond at issue in the instant action, which is a form of performance bond, contains no requirement that the plaintiff make a claim upon the defendants during the two-year term of the bond, or at any time for that matter, and does not otherwise require the plaintiff to declare or give notice of a default under the bond. Accordingly, there was no basis for the Supreme Court's determination that the plaintiff was required to make a claim under the bond during the term of the bond as

a condition precedent to the prosecution of the action and directing a trial on the issue of whether the plaintiff timely made a claim (*cf.* CPLR 213; *Phoenix Acquisition Corp. v Campcore, Inc., supra* at 144). Crane, J.P., Luciano, Rivera and Lunn, JJ., concur.