■ Tishman Westwide Construction LLC et al., Appellants, v ASF Glass, Inc., Defendant, and RLI Insurance Company, Respondent. [823 NYS2d 71]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about June 2, 2005, which granted defendant surety's motion for summary judgment dismissing the complaint against it and denied plaintiffs' cross motion for partial summary judgment, unanimously affirmed, with costs.

The conditions of the bond with which plaintiff owner failed to comply went directly to the surety's liability, and required strict compliance (*see 120 Greenwich Dev. Assoc., LLC v Reliance Ins. Co.*, 2004 WL 1277998, *11-13, 2004 US Dist LEXIS 10514, *33-37 [SD NY 2004]; *see also Northeast Constr. Group, Inc. v Deconstruction, Inc.*, 16 AD3d 357 [2005], *lv denied* 5

NY3d 709 [2005]). Similarly, RLI was discharged from its liability on its surety bond because plaintiff materially breached its contractual duties to RLI by failing to provide RLI with the opportunity to exercise its options under paragraph 4 of the bond and with a 15-day notice to cure under paragraph 5 (*see Seaboard Sur. Co. v Town of Greenfield, ex rel. Greenfield Middle School Bldg. Comm.*, 370 F3d 215, 224 [1st Cir 2004]). Upon our own review of the record, we reject plaintiffs' argument that the surety waived the foregoing provisions by taking over the work; it merely provided financing (*see United States ex rel. Maris Equip. Co., Inc. v Morganti, Inc.*, 163 F Supp 2d 174, 194-195 [ED NY 2001], *affd on judgment* 67 Fed Appx 68 [2d Cir 2003]). The judgment in favor of the surety for indemnification against the contractor on the bond does not establish the surety's liability to plaintiffs (*see International Fid. Ins. Co. v Spadafina*, 192 AD2d 637 [1993]).

We have considered plaintiffs' other contentions and find them unavailing. Concur—Andrias, J.P., Marlow, Gonzalez, Sweeny and Catterson, JJ.