In an action, inter alia, to recover upon a performance bond, the defendant 58A JVD Industries, Ltd., appeals from an order of the Supreme Court, Westchester County (Jamieson, J.), dated April 15, 2013, which denied its motion to dismiss the cause of action alleging breach of contract insofar as asserted against the defendant Colonial Surety Company on the ground that it is time-barred.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendant 58A JVD Industries, Ltd. to dismiss the cause of action alleging breach of contract insofar as asserted against the defendant Colonial Surety Company is granted.
In April 2007, the plaintiff, the City of Yonkers, entered into a contract with the defendant 58A JVD Industries, Ltd. (hereinafter the appellant), pursuant to which the appellant agreed to perform concrete and related work on a project known as the McLean Avenue Streetscape Improvement Program (hereinafter the Project). Pursuant to the contract, the appellant executed, along with the defendant Colonial Surety Company (hereinafter Colonial), a performance bond in favor of the City whereby, inter alia, Colonial agreed to perform and complete work under the contract if the appellant failed to do so. The bond provided that “[a]ny suit under this bond must be instituted before the expiration of two (2) years from the date *636 on which Final Payment is made under the Contract.” Subsequently, the appellant, by its principals, executed a general indemnity agreement with Colonial, pursuant to which the appellant agreed, inter alia, to hold Colonial harmless from and against any claims or liabilities arising out of the performance bond.
In October 2007, the City notified the appellant that several loads of concrete supplied for the Project did not meet contractual specifications for minimum compressive strength. Nonetheless, in late October 2008, the City certified that the appellant was owed $55,866.63, representing 80% of the $69,833.30 then being retained by the City, or 4% of the contract price. Thereafter, payment in that amount was made. In March 2009, the City informed the appellant that there had been rapid and premature deterioration of certain Project areas and that, pursuant to the contract, the appellant was required to repair, replace, restore, or rebuild the affected areas. The City notified Colonial on April 16, 2010, that the appellant had failed to meet its contractual obligations and that the City was withholding $13,966.67, representing the remaining 20% of the amount retained by the City, or 1% of the contract price. Shortly thereafter, the City filed a formal claim with Colonial, but Colonial rejected the claim. In January 2013, the City commenced this action. In February 2013, the appellant, as Colonial’s indemnitor, moved to dismiss the cause of action alleging breach of contract insofar as asserted against Colonial on the ground that it is time-barred. The Supreme Court denied the motion. We reverse.
“Surety bonds — like all contracts — are to be construed in accordance with their terms” (Walter Concrete Constr. Corp. v Lederle Labs., 99 NY2d 603, 605 [2003]). “ ‘Performance bonds are governed by the usual rules of construction of adhesion contracts, and contractual time limitations contained therein are to be strictly construed against the surety (Comey v United Sur. Co., 217 NY 268 [1916]’ ” (Incorporated Vil. of N. Hills v AVR Links Dev. Corp., 33 AD3d 588, 588 [2006], quoting Menorah Nursing Home v Zukov, 153 AD2d 13, 20 [1989]).
Here, the parties dispute the accrual date of the two-year limitations period set forth in the performance bond. The City contends that, since it never refunded the $13,966.67 contractual retainage to the appellant, there has been no “final payment” to trigger the limitations period, rendering the action timely. The appellant contends that the “final payment” triggering the limitations period is specifically defined in the contract as being, in essence, the $55,866.63 payment made by the City in October 2008, not including the $13,966.67 retainage, thus rendering the action untimely.
*637 Article 28 section A of the parties’ contract, entitled “Final Payment,” provides, in pertinent part, that “[a]s a condition precedent to recovering final payment for all work, the Contractor shall submit all required certificates and documents, together with a final requisition for the balance claimed to be due under the Contract, less any amount authorized to be retained for maintenance subsequent to final acceptance.” Pursuant to article 18 section C of the contract, the appellant was required to deposit with the City a sum equal to 1% of the contract price “[a]s security for the faithful performance of his obligation.” After the filing of all required certificates and documents, article 28 section C requires the City’s engineer to make a final inspection of the work, and if, at that time, he determined that no further work was necessary, he was required to prepare and certify a voucher for final payment, minus any deductions authorized to be made under the contract. The same paragraph provides, in relevant part, that “payment pursuant to such final voucher,” less any authorized deductions, “shall constitute . . . final payment.”
Sections A and C of article 28, when read together, contemplate “final payment” on the contract as occurring upon the City’s certification of the work as completed with the tendering of payment thereon, even though it had yet to disburse funds that it retained as security pursuant to the contract. Here, it is undisputed that, in October 2008, the City issued a certification and paid the appellant all amounts due under the contract, except for the 1% retained as security. Specifically, the City tendered payment to the appellant in the sum of $55,866.63, and the only amount outstanding was the 1% retained as security in the sum of $13,966.67. As such, final payment was made in October 2008.
“In moving to dismiss a cause of action pursuant to CPLR 3211 (a) (5) as barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired” (Matteawan On Main, Inc. v City of Beacon, 109 AD3d 590, 590 [2013]). “The burden then shifts to the plaintiff to raise an issue of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether it actually commenced the action within the applicable limitations period” (id.; see Landow v Snow Becker Krauss, P.C., 111 AD3d 795, 796-797 [2013]).
Parties to a contract may agree to limit the period of time within which an action must be commenced to a period shorter than that provided by the applicable statute of limitations (see *638 CPLR 201; White v Continental Cas. Co., 9 NY3d 264, 267 [2007]). Here, the parties do not dispute that the terms of the performance bond requiring that any suit under the bond be instituted within two years of final payment are controlling. The two-year contractual period of limitations contained in the performance bond is unambiguous and enforceable, measurable from the $55,866.63 final payment issued in October 2008, as defined by the parties’ contract.
Therefore, the appellant has met its prima facie burden of demonstrating that the time within which the City had to commence the action had expired. In response, the City failed to raise a question of fact, as its last payment of $55,866.63 in October 2008 triggered the clear and unambiguous two-year period of limitations, irrespective of its $13,966.66 retention for maintenance. Accordingly, the commencement of this action in January 2013 was untimely, and the Supreme Court should have granted the appellant’s motion to dismiss the cause of action alleging breach of contract insofar as asserted against Colonial.
Skelos, J.E, Dillon, Hall and Roman, JJ., concur.