■ Archstone, Formerly Known as Archstone-Smith Operating Trust, et al., Appellants, v Tocci Building Corporation of New Jersey, Inc., et al., Defendants, and Liberty Mutual Insurance Company, Respondent. (And Third-Party Actions.) [990 NYS2d 44]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (DeStefano, J.), dated November 27, 2012, which granted the motion of the defendant Liberty Mutual Insurance Company for summary judgment dismissing the second amended complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

In 2004, the plaintiffs, the owners of certain real property in Westbury, entered into a construction contract with the defendant Tocci Building Corporation of New Jersey, Inc. (hereinafter Tocci), for the construction of a 396-unit apartment complex on that property. Tocci was the general contractor on the project, and the defendant Liberty Mutual Insurance Company (hereinafter Liberty Mutual) served as the surety for Tocci pursuant to a performance bond in a format drafted by the American

Institute of Architects, and designated as form AIA A312. After Tocci substantially completed the project, the apartment complex sustained extensive water intrusion damage allegedly attributable to faulty design and construction. In January 2008, the plaintiffs commenced this action against Tocci and Liberty Mutual, among others, seeking to be indemnified for their damages pursuant to the performance bond. Liberty Mutual refused to tender payment on the bond, claiming that the plaintiffs failed to comply with certain express conditions precedent. After joinder of issue, Liberty Mutual moved for summary judgment dismissing the second amended complaint insofar as asserted against it. The Supreme Court granted the motion. The plaintiffs appeal.

Contrary to the plaintiffs' contention, paragraph 3 of the subject AIA A312 performance bond contains express conditions precedent to the liability of the surety under the bond. Since the plaintiffs failed to strictly comply with the conditions of the bond, the Supreme Court properly granted Liberty Mutual's motion for summary judgment dismissing all causes of action in the second amended complaint insofar as asserted against it (*see 120 Greenwich Dev. Assoc., LLC v Reliance Ins. Co.*, 2004 WL 1277998, \*12, 2004 US Dist LEXIS 10514, \*34 [SD NY, June 8, 2004, No. 01-Civ-8219]; *Walter Concrete Constr. Corp. v Lederle Labs.*, 99 NY2d 603 [2003]; *150 Nassau Assoc., LLC v Liberty Mut. Ins. Co.*, 36 AD3d 489 [2007]; *Tishman Westwide Constr. LLC v ASF Glass, Inc.*, 33 AD3d 539 [2006]; *153 Hudson Dev., LLC v DiNunno*, 8 AD3d 77 [2004]; *East 49th St. Dev. II, LLC v Prestige Air & Design, LLC*, 33 Misc 3d 1205[A], 2011 NY Slip Op 51782[U] [Sup Ct, Kings County 2011]; *United States Fid. & Guar. Co. v Braspetro Oil Servs. Co.*, 369 F3d 34, 51 [2d Cir 2004]; *Travelers Cas. & Sur. Co. v Dormitory Authority—State of N.Y.*, 735 F Supp 2d 42, 84 [SD NY 2010]).

The plaintiffs' remaining contentions are without merit. Dillon, J.P., Dickerson, Leventhal and Austin, JJ., concur.