*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 17, 2015                    520624
_____

GRANGER CONSTRUCTION COMPANY,
    INC.,
                        Plaintiff,

        v

TJ, LLC,
                        Defendant
                        and Third-
                        Party                MEMORANDUM AND ORDER
                        Plaintiff-
                        Appellant,
                        et al.,
                        Defendant;

LIBERTY MUTUAL GROUP INC.,
    Doing Business as LIBERTY
    MUTUAL INSURANCE COMPANY,
                        Third-Party
                        Defendant-
                        Respondent.
_____

Calendar Date:  October 22, 2015

Before:  Peters, P.J., Garry, Rose and Clark, JJ.

                        _____

        Hinman, Howard & Kattell, LLP, East Greenbush (Michael
Keenan of counsel), for defendant and third-party plaintiff-
appellant.

        Alario & Fischer, PC, East Syracuse (Linda E. Alario of
counsel), for third-party defendant-respondent.

                        _____

Clark, J.

Appeal from an order of the Supreme Court (Lebous, J.), entered November 26, 2014 in Broome County, which, among other things, granted third-party defendant's motion for summary judgment dismissing the third-party complaint.

In 2011, defendant TJ, LLC entered into a contract with plaintiff for the construction of a hotel in the Town of Vestal, Broome County. The contract was insured by a performance bond with third-party defendant, Liberty Mutual Group Inc., acting as surety. Although construction continued through early 2013, the hotel opened in April 2012. When the fire alarm system began to malfunction in January 2013, TJ was forced to temporarily close the hotel. TJ informed plaintiff of the need for repairs, but plaintiff refused to perform the repairs, citing TJ's alleged failure to keep its payments current. Upon undertaking the repairs itself, TJ discovered other problems with the construction of the hotel and, by April 2013, TJ had hired contractors other than plaintiff to complete all needed repairs. In June 2013, TJ sent Liberty Mutual a letter stating that it intended to file for contractor default under the terms of the performance bond and that it had fully complied with paragraph 3 of the bond. Liberty Mutual then scheduled a conference between plaintiff and TJ in an attempt to resolve their issues pursuant to the terms of the bond. A resolution having not been achieved, TJ sent a formal notice of contractor default to Liberty Mutual in July 2013.[1]

Plaintiff thereafter commenced this action against TJ and defendant Thomas Bedosky, TJ's owner, alleging breach of contract, among other things. TJ then commenced a third-party action against Liberty Mutual to compel it to perform under the bond. After answering, Liberty Mutual moved for summary judgment dismissing the third-party complaint. Supreme Court granted

---

[1] Both Liberty Mutual and plaintiff, as well as counsel for plaintiff, claim that they did not receive this notice.

Liberty Mutual's motion for summary judgment and TJ appeals.[2]

We affirm.  In determining whether a party is relieved of its duty to perform under a surety bond, courts interpret the bond, like any other contract, according to its terms (see Walter Concrete Constr. Corp. v Lederle Labs. 99 NY2d 603, 605 [2003]; General Phoenix Corp. v Cabot, 300 NY 87, 92 [1949]).  As relevant herein, "a contractual duty ordinarily will not be construed as a condition precedent absent clear language showing that the parties intended to make it a condition" (Mullany v Munchkin Enters., Ltd., 69 AD3d 1271, 1274 [2010] [internal quotation marks, brackets and citations omitted]; see Unigard Sec. Ins. Co. v North Riv. Ins. Co. 79 NY2d 576, 581 [1992]).  "Notably, it is for the court to decide, as a matter of law, whether an express condition precedent to performance exists under the terms of a contract" (Rooney v Slomowitz, 11 AD3d 864, 865 [2004] [citations omitted]).

Liberty Mutual contends that TJ failed to meet one or more express conditions precedent under the bond, thus rendering the bond null and void.  Pursuant to paragraph 3 of the bond, Liberty Mutual's obligation arose after three conditions were met, namely (1) TJ notified plaintiff and Liberty Mutual that it was considering declaring a contractor default and was requesting a conference with the parties, (2) TJ formally declared a contractor default and terminated plaintiff's right to complete the contract, which could not occur earlier than 20 days after the parties received notice under section 3.1, and (3) TJ agreed to pay the balance of the contract price to Liberty Mutual or to a contractor selected to perform the rest of the construction contract.  As relevant here, sections 4.2 and 4.4 of the bond, respectively, state that when TJ has satisfied the conditions of paragraph 3, Liberty Mutual shall promptly, and at its own

_____

[2]  TJ also cross-moved to strike Liberty Mutual's second affirmative defense.  Such motion was denied by Supreme Court. To the extent that TJ does not take issue with this portion of Supreme Court's order, any argument with respect thereto has been abandoned (see Salzer v Benderson Dev. Co., LLC, 130 AD3d 1226, 1229 n 1 [2015]).

expense, undertake performance of the construction contract through independent contractors or, alternatively, waive this right and either tender payment to TJ or deny liability. Paragraph 5 states that, should Liberty Mutual have failed to proceed under paragraph 4 within a reasonable time, it would be deemed to be in default on the bond 15 days after receiving additional written notice from TJ demanding performance. However, if Liberty Mutual tendered payment and then TJ refused the payment, or if Liberty Mutual denied liability, then TJ was entitled to enforce any remedy available to it against Liberty Mutual without providing further notice.

Inasmuch as paragraph 3 clearly states that Liberty Mutual's obligation under the bond "shall arise" only after TJ had performed the three conditions detailed in sections 3.1 to 3.3, this language unambiguously created conditions precedent to be performed in the order that they are listed (see Archstone v Tocci Bldg. Corp. of N.J., Inc., 119 AD3d 497, 498 [2014], lv dismissed 24 NY3d 1037 [2014]; see also 120 Greenwich Dev. Assocs., LLC v Reliance Ins. Co., 2004 WL 1277998, *11-12, 2004 US Dist LEXIS 10514, *34-37 [SD NY, June 8, 2004, No. 01 Civ 8219 (PKL)]). Therefore, TJ must have strictly complied with each condition precedent before Liberty Mutual could be held liable under the bond.

Viewing the facts in the light most favorable to TJ, as the nonmovant (see U.W. Marx, Inc. v Koko Contr., Inc., 97 AD3d 893, 894 [2012]), Liberty Mutual met its burden of demonstrating the absence of a material question of fact (see JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 384 [2005]).[3] The record before us demonstrates that TJ failed to comply with at least one of the express conditions precedent in paragraph 3 of the bond. Specifically, plaintiff affirms that it never received the notice from TJ, allegedly sent in June 2013, saying that TJ was considering declaring a contractor default, as required by section 3.1. This, by itself, would preclude Liberty Mutual's liability under the express terms of the performance bond (see

---

[3] We note that Supreme Court issued a bench decision immediately following oral argument on Liberty Mutual's motion.

153 Hudson Dev., LLC v DiNunno, 8 AD3d 77, 78 [2004]).  Further, the evidence establishes that TJ paid outside contractors under section 3.3 prior to sending notice to plaintiff and Liberty Mutual pursuant to section 3.1 or 3.2, which also would serve to preclude Liberty Mutual's liability.  Finally, TJ also admits that it failed to provide additional notice demanding performance before bringing suit as set forth in paragraph 5, which also operates to release Liberty Mutual of its obligations under the bond to the extent that the conditions precedent set forth in paragraph 3 had not been complied with.  Thus, inasmuch as the record demonstrates that TJ failed to comply with the conditions precedent of paragraph 3, Liberty Mutual adequately shifted the burden to TJ to demonstrate a material question of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

In this regard, we are unpersuaded by TJ's contentions that the loss of profits and economic hardship of temporarily closing the hotel in order to comply with the terms set forth in paragraph 3 of the bond rise to the level to warrant excusing performance of the bond's conditions under the rarely imposed theory of impossibility of performance (see Kel Kim Corp. v Central Mkts., 70 NY2d 900, 902 [1987]; 407 E. 61st Garage v Savoy Fifth Ave. Corp., 23 NY2d 275, 281 [1968]; Lagarenne v Ingber, 273 AD2d 735, 737 [2000]).  Nor are we persuaded that the plain language of the bond should be construed so as to reflect the "commercial reality" facing TJ.  Accordingly, TJ failed to meet its shifted burden and summary judgment was properly granted to Liberty Mutual (see Roel Partnership v Amwest Sur. Ins. Co., 258 AD2d 780, 781-782 [1999]).

TJ's remaining contentions are found to be lacking in merit.

Peters, P.J., Garry and Rose, JJ., concur.

ORDERED that the order is affirmed, with costs.



ENTER:

Robert D. Mayberger
Clerk of the Court