■ Evelyn DeLuca, Respondent, v James Smith, Appellant. [45 NYS3d 469]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered May 29, 2015, which, to the extent appealed from, denied defendant's motion for summary judgment dismissing the complaint and to disqualify plaintiff's counsel, and order, same court and Justice, entered July 29, 2016, which denied defendant's motion to renew, unanimously affirmed, without costs, as to the summary judgment issues, and appeals therefrom otherwise dismissed, without costs, as moot.

Issues of fact preclude summary judgment dismissing the fraud claim (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The statement by defendant's attorney that he provided an employment agreement to plaintiff's attorney does not give rise to a presumption of proper mailing or receipt, since defendant's counsel does not provide an affidavit of service, actual proof of mailing, or a description of his "standard office practice or procedure designed to ensure that items are properly addressed and mailed" (*American Tr. Ins. Co. v Lucas*, 111 AD3d 423, 424 [1st Dept 2013]; *Kihl v Pfeffer*, 94 NY2d 118, 122 [1999]).

Plaintiff's trial counsel should have been disqualified under the advocate-witness rule (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [a]), the purpose of which is "to avoid the unseemly situation where an attorney must both testify on behalf of a client and argue the credibility of his or her testimony at trial" (*Weksler v Weksler*, 81 AD3d 401, 403 [1st Dept 2011]). However, as plaintiff now asserts that counsel no longer represents her in this matter, the issue is moot.

We have considered defendant's remaining contentions and find them unavailing. Concur—Friedman, J.P., Renwick, Saxe and Gische, JJ.