Hertz Vehs. LLC v Significant Care, PT, P.C. (2018 NY Slip Op 00456)





Hertz Vehs. LLC v Significant Care, PT, P.C.


2018 NY Slip Op 00456


Decided on January 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 25, 2018

Acosta, P.J., Renwick, Kapnick, Kahn, Kern, JJ.


5535 160441/14

[*1]Hertz Vehicles LLC, Plaintiff-Appellant,
v
Significant Care, PT, P.C., et al., Defendants, Ksenia Pavlova, DO, Defendant-Respondent.


Rubin, Fiorella & Friedman LLP, New York (David F. Boucher Jr. of counsel), for appellant.
The Rybak Firm, PLLC, Brooklyn (Damin J. Toell of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered August 17, 2017, which denied plaintiff Hertz Vehicles, LLC's motion for summary judgment on the grounds that it failed to demonstrate that it timely requested examinations under oath (EUO), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment declaring that Hertz owes no coverage for the no-fault services rendered by defendant Pavlova to defendant claimant Beard.
The affidavit of the Hertz claims handler personally assigned to this claim, as corroborated by the NF-10 denial of claim form (Wausau Bus. Ins. Co. v 3280 Broadway Realty Co. LLC, 47 AD3d 549, 549 [1st Dept 2008]; see also American Tr. Ins. Co. v Longevity Med. Supply, Inc., 131 AD3d 841, 842 [1st Dept 2015]), stated that the date Pavlova's bill was received by the insurer was July 18, 2014. Hertz therefore established its compliance with 11 NYCRR 65-3.5(b) by generating the first EUO scheduling letter within 15 days of receipt of the provider's bill, and compliance with 11 NYCRR 65-3.6(b), by generating the second EUO scheduling letter less than 10 days after the first nonappearance on August 7, 2014.
Hertz also established proof of mailing because it included an affidavit of service, which was executed by the person who mailed the EUO notices and who attested that each was mailed by regular mail to the address provided on the claimant's claim form, as well as to claimant's attorney, in a "postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York" (see American Tr. Ins. Co. v Lucas, 111 AD3d 423, 424 [1st Dept 2013]; see also Deluca v Smith, 146 AD3d 732, 732 [1st Dept 2017]).
Pavlova's argument, raised for the first time on appeal, that the second EUO nonappearance date was not a non-appearance because the claimant's counsel was present, and because there was
a statement on the record which not only acknowledged claimant's nonappearance, but also agreed to reschedule the EUO, is unpreserved and unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 25, 2018
CLERK