Independent Temperature Control Servs., Inc. v Parsons Brinckerhoff, Inc. (2018 NY Slip Op 02249)





Independent Temperature Control Servs., Inc. v Parsons Brinckerhoff, Inc.


2018 NY Slip Op 02249


Decided on March 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 29, 2018

Friedman, J.P., Tom, Kapnick, Singh, JJ.


6128 652412/14

[*1]Independent Temperature Control Services, Inc., Plaintiff,
v
Parsons Brinckerhoff, Inc. formerly known as PB Americas, Inc., Defendant-Appellant, The Power Authority of the State of New York, et al., Defendants, Travelers Casualty and Surety Company of America, Defendant-Respondent.


Zetlin & De Chiara LLP, New York (Loryn P. Riggiola of counsel), for appellant.
Torre, Lentz, Gamell, Gary & Rittmaster, LLP, Jericho (Benjamin D. Lentz of counsel), for respondent.



Order, Supreme Court, New York (Saliann Scarpulla, J.), entered January 23, 2017, which, to the extent appealed from as limited by the briefs, granted defendant Travelers Casualty and Surety Company of America's motion for summary judgment dismissing defendant Parsons Brinckerhoff, Inc.'s cross claim against it for breach of a performance bond, unanimously affirmed, with costs.
Travelers established prima facie that it is not liable under the performance bond it issued to construction manager Parsons Brinckerhoff (PB) for plaintiff subcontractor's work, because PB failed to mail it notice of the termination of the subcontract, as required by sections 3.2 and 12 of the performance bond, before paying a replacement contractor pursuant to section 3.3 (see Granger Constr. Co., Inc. v TJ, LLC, 134 AD3d 1329, 1331 [3d Dept 2015]). In opposition, PB failed to raise an issue of fact as to whether it mailed such notice. The affidavits it submitted were unaccompanied by either an affidavit of service or actual proof of mailing or a description of the practices or procedures it has in place to insure proper mailing (DeLuca v Smith, 146 AD3d 732 [1st Dept 2017]).
Contrary to PB's argument, Travelers was not required to show "actual prejudice" arising from the lack of notice, but in any event it claims actual prejudice from being deprived of its completion options under section 5 of the performance bond (see generally Tishman Westwide Constr. LLC v ASF Glass, Inc., 33 AD3d 539, 540 [1st Dept 2006]).
We have considered PB's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 29, 2018
DEPUTY CLERK