County of Suffolk v U.S. Specialty Ins. Co. (2020 NY Slip Op 00101)





County of Suffolk v U.S. Specialty Ins. Co.


2020 NY Slip Op 00101


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-06802
 (Index No. 5613/16)

[*1]County of Suffolk, respondent, 
v
U.S. Specialty Insurance Company, et al., appellants, et al., defendant.


Anderson Shen, P.C., Kew Gardens, NY (Matthew J. Routh of counsel), for appellants.
Dennis M. Brown, County Attorney, Hauppauge, NY (Jeffrey Dayton of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the defendants U.S. Specialty Insurance Company and Steven Zalewski appeal from an order and judgment (one paper) of the County Court, Suffolk County (C. Stephen Hackeling, J.), entered April 9, 2018. The order and judgment, insofar as appealed from, denied the cross motion of the defendant U.S. Specialty Insurance Company pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, granted that branch of the plaintiff's cross motion which was for summary judgment on the complaint insofar as asserted against that defendant in the principal sum of $15,000, and is in favor of the plaintiff and against that defendant in the principal sum of $15,000.
ORDERED that the appeal by the defendant Steven Zalewski is dismissed, as he is not aggrieved by the order and judgment appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order and judgment is affirmed insofar as appealed from by the defendant U.S. Specialty Insurance Company; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the defendant U.S. Specialty Insurance Company.
On May 23, 2014, the defendant Jeffrey R. Cargill was arrested for driving while intoxicated, and his vehicle, a 2007 Cadillac, was seized by the Suffolk County Police Department. Cargill was permitted to retain the vehicle during the pendency of a civil forfeiture action, on condition that he post a bond. The bond was issued by the defendant U.S. Specialty Insurance Company (hereinafter Specialty), as surety, and by Cargill, as principal, with both being bound to the plaintiff, the County of Suffolk, as obligee, to pay to the County the maximum sum of $15,000 in the event that Cargill failed to "preserve the vehicle or return it" to the County. The event insured against was described elsewhere in the contract as "the sale, transfer, destruction or any other disposal of the vehicle."
On August 10, 2014, the vehicle was damaged in an accident while Cargill was driving. Cargill was arrested for leaving the scene of an accident, and the vehicle was seized by the Suffolk County Police Department, which determined that it had a salvage or scrap value in the maximum amount of $252.33.
The County commenced this action against Specialty, Cargill, and the defendant Steven Zalewski, who held Specialty's power of attorney. The complaint alleged that the vehicle had not been returned, and that Specialty had failed to pay $15,000 to the County as required by the surety bond. Specialty and Zalewski moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against Zalewski on the ground that he was not personally liable to the County. The County cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against Speciality in the principal sum of $15,000. Subsequently, Specialty cross-moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, arguing that it had satisfied its contractual obligations since the vehicle had been returned.
In an order and judgment entered April 9, 2018, the County Court granted the motion of Specialty and Zalewski to dismiss the complaint insofar as asserted against Zalewski on the ground that he was not personally liable, but denied Specialty's cross motion to dismiss the complaint insofar as asserted against it. The court also, inter alia, granted that branch of the County's cross motion which was for summary judgment on the complaint insofar as asserted against Specialty in the principal sum of $15,000. Specialty appeals.
" Surety bonds—like all contracts—are to be construed in accordance with their terms'" (WBP Cent. Assoc., LLC v DeCola, 91 AD3d 861, 862, quoting Walter Concrete Constr. Corp. v Lederle Labs, 99 NY2d 603, 605). Specialty argues that the bond insured against the failure to "preserve the vehicle or return it" (emphasis added) and, therefore, if in fact the vehicle was "return[ed]" in whatever condition, the terms of the contract were satisfied. However, the contract also stated that Cargill signed an affidavit barring "the sale, transfer, destruction or any other disposal of the vehicle." Therefore, destruction was equated with disposal, not return. Reading the contract as a whole in accordance with common-sense principles, the return of the vehicle after it was destroyed in an accident did not satisfy the terms of the contract (see Duane Reade, Inc. v Cardtronics, LP, 54 AD3d 137, 143-144).
Accordingly, we affirm the order and judgment insofar as appealed from by Specialty.
SCHEINKMAN, P.J., RIVERA, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court