Prismatic Dev. Corp. v International Fid. Ins. Co. (2023 NY Slip Op 05700)

Prismatic Dev. Corp. v International Fid. Ins. Co.

2023 NY Slip Op 05700

Decided on November 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2023

Before: Kapnick, J.P., Singh, Moulton, Shulman, Rosado, JJ. 

Index No. 650402/13 Appeal No. 1004 Case No. 2022-01346 

[*1]Prismatic Development Corporation, Plaintiff-Appellant,
v
International Fidelity Insurance Company, Defendant-Respondent.

Peckar & Abramson, P.C., New York (Howard M. Rosen of counsel), for appellant.
Chiesa Shahinian & Giantomasi PC, New York (Adam P. Friedman of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered March 1, 2022, which to the extent appealed from as limited by the briefs, granted defendant International Fidelity Insurance Company's (IFIC) motion to dismiss plaintiff's first cause of action for breach of the performance bond, unanimously affirmed, without costs.
Plaintiff seeks to require defendant IFIC to defend and indemnify it against a suit brought by a subcontractor, EIC Associates, Inc., who alleges, in part, that another subcontractor, Nacirema Environmental Services Company, Inc., performed its work deficiently, causing EIC to incur substantial costs in performing its work out of sequence. Defendant submitted documentary evidence demonstrating that plaintiff did not comply with the conditions precedent contained in paragraph 3 of the AIA Document A312 performance bond issued by defendant, warranting dismissal (see Granger Constr. Co. v TJ, LLC, 134 AD3d 1329, 1331 [3d Dept 2015]; Archstone v Tocci Bldg. Corp. of N.J., Inc., 119 AD3d 497, 498 [2d Dept 2014], lv dismissed 24 NY3d 1037 [2014]). Strict compliance with these conditions precedent is required because a failure to comply with such preconditions deprives the surety of its options (see Independent Temperature Control Servs., Inc. v Parsons Brinckerhoff, Inc., 159 AD3d 636, 637 [1st Dept 2018]; Tishman Westwide Constr. LLC v ASF Glass, Inc., 33 AD3d 539, 540 [1st Dept 2006]).
In opposition, plaintiff argued that strict compliance was not required in the circumstances of this case, because Nacirema already had substantially completed its work and had been paid before EIC raised complaints about its work. However, the language of the bond unambiguously requires compliance with the conditions before IFIC's obligations are triggered, regardless of when the subcontractor's breach was discovered (see Archstone, 119 AD3d at 498). The conditions precedent unambiguously apply to all of IFIC's obligations, including its obligation to defend and indemnify plaintiff, which is set forth in the subcontract that is incorporated by reference into the bond (see Independent Temperature Control Services, Inc. v Parsons Brinckerhoff, Inc., 2017 WL 318654, *4 [Sup Ct, NY County 2017], affd 159 AD3d 636 [1st Dept 2018]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2023